## HUNT v. BANK LINE, Limited, et al.

Circuit Court of Appeals, Fourth Circuit. October 15, 1929.

No. 2854.

George T. Mister, of Baltimore, Md., for appellant.

Janney, Ober, Slingluff & Williams, Robert W. Williams, Robert Stinson, William L. Marbury, and Fendall Marbury, all of Baltimore, Md., for appellees.

Before PARKER, and NORTHCOTT, Circuit Judges, and GRONER, District Judge.

PARKER, Circuit Judge. This is an appeal from a decree dismissing a libel on the ground that it does not state a cause of action. The question involved is the right of an injured stevedore, who has accepted compensation for his injury under the Long-shoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, 33 USCA § 901 et seq., to sue a third person for damages on account of his injury where the employer refuses to bring suit. From the decree denying the right, libelant appealed.

The facts alleged in the libel are as follows: Libelant was a stevedore employed by the Atlantic Coast Shipping Company. He was injured while unloading a steamship owned and operated by the Bank Line, Limited, and A. Weir & Co., as a result of the negligence of the vessel. His injury was reported to the United States Employees' Compensation Commission by his employer, and he has since been paid compensation in accordance with the provisions of the Long-shoremen's and Harbor Workers' Compensation Act. He has requested his employer to bring suit for damages, under section 33 of that act (33 USCA § 933), against the owner of the vessel; but the employer has refused to do so. He alleges that he has a substantial interest in having such suit instituted, and that the employer will not institute same, because its insurance carrier is also the insurance carrier of the vessel.

The section of the act upon which libelant relies provides that, where some person other than the employer is liable in damages for the injury to the employee, acceptance of compensation by the employee shall operate as an assignment to the employer of the employee's right to recover damages against such third person, and that, in case of recovery thereunder, the employer, after retaining an amount sufficient to reimburse him for the compensation and benefits paid to the employee, together with the expenses incurred in the proceeding, shall pay any excess to the employee. See subsection (b) and (e) of section 33, 33 USCA § 933(b) (e). Libelant's position is that the cause of action assigned by operation of the act to the employer is held by the latter in trust for the benefit of the employee, as well as for his own benefit, and that, upon failure of the employer to sue, the employee may bring the suit himself for the benefit of both, joining the employer as a party.

While this position of libelant might have some force, if subsection (b) and (e) of section 33 were considered alone and without relation to the other provisions of the section, we think it clearly erroneous when these other provisions are considered. In the first place, it is clearly provided in subsection (a) of section 33, 33 USCA § 933(a), that the employee shall elect between his right to

receive compensation and his right to proceed against such third person; and this requirement to elect is absolutely inconsistent with the right both to receive compensation and to proceed or have his employer proceed on the cause of action against the third person. Subsection (a) is as follows: "(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, *he may elect,* by giving notice to the deputy commissioner in such manner as the commission may provide, *to receive such compensation or to recover damages* against such third person." (Italics ours.)

In the second place, the act clearly contemplates that, if the employee elects to receive compensation, he is to have no further interest in or control over the suit. This is shown by subsection (d), which is as follows: "(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages *or may compromise with such third person either without or after instituting such proceeding."* (Italics ours.) The authority on the part of the employer to compromise without instituting suit negatives any right on the part of the employee to have suit instituted. And it is to be noted, also, that the employee is given no power to control or veto the compromise.

Under subsection (g) provision is made for compromise by the employee in cases where he sues the third person under the provision of subsection (f), to which we shall later refer; and it is expressly provided that the employer must have given his written consent to a compromise for less than the amount of the compensation provided by the act, if he is to be held liable thereunder for the difference. We think that this control over the compromise given the employer under subsection (g), where he is interested in the suit, is in striking contrast with the lack of any control given the employee by subsection (d), and clearly indicates that it was not contemplated that the employee should have any further interest in the cause of action assigned to the employer under subsection (b).

In the third place, the statute expressly provides the manner in which the employee may have the benefit of the compensation provided in the act and at the same time enforce the liability of the third party. If he desires to do this, he must notify the commission of his election to proceed against the third person and institute proceedings within the time provided by the act. If he does this, and fails to recover against the third person as much as the compensation provided by the act, the difference is paid him as compensation by his employer. Subsection (f) of section 33, 33 USCA § 933 (f), provides:

"(f) If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the commission of his election and institutes proceedings within the period prescribed in section 913 of this chapter, the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the commission determines is payable on account of such injury or death over the amount recovered against such third person."

When all of these sections are considered together, it is clear that the intention of the act is to require the employee who claims to have been injured by the negligence of a third person to elect whether he will accept compensation under the act or proceed against such third person. If he elects to receive the compensation, his cause of action is transferred to his employer, and he has no other or further interest therein, unless the employer recovers more than enough to reimburse him for the compensation paid, with costs and expenses, in which event the excess belongs to the employee. If he desires to assert his cause of action against the third person, he may do this without forfeiting his right to compensation, provided he gives the notice and files proceedings as the statute provides. In the latter case he must make his election and notify the commission before receiving compensation under the act, and, having done so, he will not receive compensation until the action against the third person is tried and determined, and then will receive only the amount of the difference between the recovery against the third person and the compensation which the act provides. He can elect which course he will follow, but he cannot follow both.

We think that there can be no question that this is the correct interpretation of the act, if its provisions be considered in vacuo. Certainly it is the correct interpretation, if the act be considered in the light of the common law and of the history of similar legislation. At common law the acceptance of settlement from one of two joint tort-feasors extinguished the cause of action and released both. And it was provided in the English Compensation Act, and in that of most of

the states, that the injured employee must elect whether he would proceed against his employer under the statute or pursue his common-law remedy against a third person liable for his injuries. 28 R. C. L. 834; notes in L. R. A. 1916A, 101, 225, L. R. A. 1917D, 100, 19 A. L. R. 774, 27 A. L. R. 499, 37 A. L. R. 840, and cases cited in these notes. The present statute is more liberal to the employee. It allows him to sue the third person and still recover compensation from his employer, if the action against the third person fails, or if he recovers less than the compensation which the statute provides; but it allows this only upon condition that he postpone the collection of compensation until the suit against the third person be terminated. We do not think that Congress could have intended to give the employee rights so far beyond his rights, either at common law or under the usual compensation statutes, as are involved in the contention of libelant.

As to the provision that the employee who has accepted compensation shall be entitled to any excess over reimbursement which the employer may recover in his suit against a third person, we think it clear, in the light of the other provisions which we have discussed, that this was not intended to give to the employee who has accepted compensation any right or interest in, or control over, the cause of action which is assigned by the act to the employer. It is the employer, to whom the cause of action is assigned upon payment of compensation, who is given the right of deciding whether he will hazard the costs and expenses of suit. It is the employer who is given the power to determine whether a compromise shall be accepted or not. And the employee, having accepted the compensation which the law has fixed, has no further interest in the matter, unless the employer decides to sue and succeeds in recovering more than is necessary for his reimbursement. Then, and not until then, the interest of such employee arises. And this is given by the statute to the employee, not, we think, because he is deemed to have any interest in the cause of action, but to avoid the unseemly spectacle of the employer realizing a profit from his injury.

The statute in question seems to have been modeled upon the New York Workmen's Compensation Act (Consol. Laws N. Y. c. 67). Obrecht-Lynch Corporation v. Clark (D. C.) 30 F.(2d) 144, 146. That act provided for the assignment of the cause of ac-

tion to the employer without a clause such as this, and the courts of New York had held that the employer or insurer could retain for his own use and benefit any excess recovery. Travelers' Ins. Co. v. Brass Goods Mfg. Co., 239 N. Y. 273, 146 N. E. 377, 37 A. L. R. 826. And it was doubtless to avoid such a result that the clause in question was inserted in this statute.

The case of Whalen v. Athol Mfg. Co., 242 Mass. 547, 136 N. E. 600, 601, decided by the Supreme Judicial Court of Massachusetts, is directly in point on the question here involved. The Compensation Act of Massachusetts provides that, in case the insurer under the compensation act recovers against the third person a sum greater than that paid by it to the employee, four-fifths of the excess shall be paid to the employee. The plaintiff in that case, after accepting compensation, sued the third person liable for his injuries, alleging that the insurer refused to bring the action and that he was bringing it for the insurer as well as for himself. In denying his right to maintain the action, the court said:

"Upon satisfaction of a judgment obtained by the insurer against third persons, it holds four-fifths of the sum received over compensation paid the employee in trust for the employee; but the obligation to hold the interest of the employee in the excess fund in trust does not arise from or relate to any trust duty of the insurer to prosecute the action, which resulted in a judgment under the authority of the statute to prosecute actions against third persons. Whether it will prosecute such an action is for it alone to determine and the absence of a right in the employee to have an action brought by the insurer cannot be converted into a right by the refusal of the insurer to enforce such action when it is requested so to do. Nor can such refusal justify the maintenance of an action by the employee for the benefit of the insurer and for his own benefit."

We have carefully examined the cases of Hall v. Southern Pac. Co., 40 Cal. App. 39, 180 P. 20, and Cameron & Co. v. Gamble (Tex. Civ. App.) 216 S. W. 459, upon which libelant particularly relies; but those cases deal with statutes of California and Texas, which differ in a number of important particulars from the statute here involved. Their reasoning by no means convinces us that we should apply to the act of Congress the interpretation applied by them to the statutes of California and Texas.

We agree with the learned judge below

that the exceptions of respondent should be sustained, and the libel dismissed, and the decree below will accordingly be affirmed.

Affirmed.