## THE KOKUSAI KISEN KABUSHIKI KAISHA.

District Court, S. D. Texas, at Houston.
Aug. 8, 1930.

Harris & Watkins, of Galveston, Tex., for libelants.

Lockhart, Hughes & Lockhart, of Galveston, Tex., and Hunt, Hill & Betts, of New York City, for Kokusai Kisen Kabushiki Kaisha.

HUTCHESON, District Judge.

In this case Lumbermen's Reciprocal Association, the insurance carrier, joined by Walter E. Culver, the injured employee, bring suit under the Longshoremen's and Harbor Workers' Compensation Act of 1927 (33 USCA §§ 901–950), against the ship Kokusai Kisen Kabushiki Kaisha as the third party causing the injury.

It is alleged that the employer has refused to bring suit and that the insurance carrier, by subrogation, and the injured employee, by virtue of his rights under the statute to any excess recovered by his employer over the amount paid to the employee as compensation, are entitled to maintain this suit.

The respondent, by exceptions, raises the following questions:

(1) Whether, since if the ship had done its own loading and unloading, and protected itself by insurance, it could not have been a third party, it could be held to be a third party when it has subcontracted the work, and required its subcontractor to carry insurance.

(2) Whether the suit is barred by the one-year limitation in the statute.

(3) Whether, if the employer refuses to sue the action over being purely statutory, and precisely defined in the statute, it could inure to it by subrogation of the insurance carrier.

After considering the arguments and the original briefs, the court announced its tentative opinion: (1) That the ship was a third person; (2) that limitation has not run; (3) that, while Hunt v. Bank Line (C. C. A.) 35 F.(2d) 136, had definitely decided that an employee had no title to sue, the court was in doubt whether that case had been correctly decided; (4) the court was also in doubt as to whether the insurance carrier had the right to sue, stating, on the point of the right of the injured party to sue: "If plaintiff in this case can make allegation of a fraudulent purpose not to sue, I should want to scrutinize the Hunt case very carefully before deciding to follow it. Such allegation aside, I think it perfectly plain that plaintiff Culver has no right to sue or join in the suit."

Upon the point of the right of the insurance carrier to bring the suit where the employer has failed to sue, not fraudulently, but in the exercise of honest judgment, the court said: "On the whole case I am inclined to the view that the action as now brought, cannot be maintained. The purpose of the compensation law is to provide compensation for the injured plaintiff. This has been paid him. It is also the purpose of the law that the employer may recover what he has paid out, and incidentally, to prevent the employer from profiting by the occurrence by recovering more than he has paid out. In short, to prevent him from buying up the cause of action at a discount. Where an employer is unwilling to sue, and his unwillingness is in good faith and without fraudulent purpose to defeat the rights of any person, it does not seem to me that the policy of the law is fur-

thered by allowing an insurance company to sue."

Further briefs were asked, and the parties have since filed elaborate briefs.

 Since the writing of that letter, the libelant has obtained an assignment from the employer to the insurance company of his cause of action, and I am of the opinion that this makes it unnecessary to decide whether, in the absence of such an assignment, the insurance carrier could sue, and makes it certain that the plaintiff Culver has no place in the suit, because the assignment by the employer of his cause of action to the insurance company cannot under the statute prejudice the injured person, and the assignment evidencing, not a fraudulent purpose to defeat the injured employee, but a willingness that suit be brought, the extreme grounds of fraudulent refusal to sue which alone might justify suit by the injured employee are absent, and the exceptions as to him must be sustained.

As to the other matter on which I expressed a tentative opinion, (1) that the ship was a third party in the meaning of the statute, (2) that limitation had not barred the action, I adhere to these views.

The order on the exceptions then will be sustaining the exception as to Walter E. Culver and dismissing him from the suit as libelant and overruling the exceptions as to the prosecution of the suit by the Lumbermen's Reciprocal Association.