FRED ROGERS AND THE TRAVELERS INSURANCE COMPANY v.
SOUTHEASTERN CONSTRUCTION COMPANY.

(Filed 12 October, 1938.)

1. **Master and Servant § 44—Third person tort-feasor is liable only for amount sufficient to compensate employee for injury.**

    When an action is maintained by the insurance carrier in the name of the injured employee against the third person tort-feasor causing the injury, the tort-feasor is liable for the amount ascertained by the jury as sufficient to compensate the employee for the injuries sustained, which the statute prescribes shall be first applied to the actual court costs, then to the payment of attorneys' fees when approved by the Commission, then to the reimbursement of the insurance carrier for money paid by it under the award, and any remaining excess to the injured employee, and an instruction on the issue of damages that defendant would be liable for such sum as would reimburse the insurance carrier and would fairly compensate the injured employee is error. Michie's Code, 8081 (r); Public Laws of 1933, ch. 449.

2. **Appeal and Error § 39e—Error in instruction on material feature is not cured by correct charge on the point in other parts of the charge.**

    An erroneous instruction on the measure of damages is not cured by the fact that the court may have laid down the correct rule in other portions of the charge, since it cannot be presumed that the jury was able to distinguish at which time the court was laying down the correct rule.

APPEAL by defendant from *Alley, J.,* at June Term, 1938, of BUN-COMBE. New trial.

*Johnson & Uzzell and W. W. Candler for plaintiff, appellee.*
*Smathers & Meekins for defendant, appellant.*

SCHENCK, J. By amendment to the complaint this is an action by the Travelers Insurance Company in the name of Fred Rogers to enforce its rights as insurance carrier of the American Enka Corporation, employer of said Rogers, against the Southeastern Construction Company, by reason of compensation paid to said Rogers under an award by the Industrial Commission, and to recover for said Rogers against said

Southeastern Construction Company for injuries negligently inflicted ·upon him by said Construction Company. N. C. Workmen's Compensation Act, N. C. Code of 1935 (Michie), sec. 8081 (r), Public Acts 1933, ch. 449.

According to the allegations of the complaint, the plaintiff Fred Rogers was an employee of the American Enka Corporation, and while engaged in placing certain boilers for his employer, he was injured by a falling piece of timber, negligently allowed to drop upon him by the defendant Southeastern Construction Company, which was engaged in certain construction work about the premises of the American Enka Company; and further that the Travelers Insurance Company was the insurance carrier of the American Enka Company and has made certain payments under the award of the Industrial Commission to the plaintiff Fred Rogers pursuant to the terms of the policy issued by it to said Enka Company.

The case was tried upon appropriate issues which were answered in favor of the plaintiff. Upon the fourth issue, which related to the measure of damages, the court charged the jury as follows: "The sum fixed by the jury should be such as would reimburse Travelers Insurance Company for its outlay on account of compensation, and would fairly compensate Fred Rogers for the injuries which he has suffered in the past and those likely to occur in the future." To this charge the defendant, appellant, reserved exception, and we are constrained to sustain it.

The North Carolina Workmen's Compensation Act, as amended (Public Laws 1933, ch. 449, North Carolina Code of 1935 [Michie], sec. 8081 [r]), in part reads: "Provided, however, that in any case where such employee, his personal representative, or other person may have a right to recover damages for such injury, loss of service, or death from any person other than the employer, compensation shall be paid in accordance with the provisions of this act: Provided, further, that after the Industrial Commission shall have issued an award, the employer may commence an action in his own name and/or in the name of the injured employee or his personal representative for damages on account of such injury or death, and any amount recovered by the employer shall be applied as follows: First to the payment of actual court costs, then to the payment of attorneys' fees when approved by the Industrial Commission; the remainder or so much thereof as is necessary shall be paid to the employer to reimburse him for any amount paid and/or to be paid by him under the award of the Industrial Commission; if there then remain any excess, the amount thereof shall be paid to the injured employee or other person entitled thereto." And further, "When any employer is insured against liability for compensation with any insurance carrier, and such insurance carrier shall have paid any compensation for which the employer is liable or shall have assumed the liability

of the employer therefor, it shall be subrogated to all rights and duties of the employer, and may enforce any such rights in the name of the injured employee or his personal representative; . . ."

From the foregoing excerpts it is apparent that it was error to charge that the sum fixed by the jury should be such as would reimburse the Travelers Insurance Company for its outlay on account of compensation *and* would fairly compensate the plaintiff for injury which he had sustained. The measure of damage in cases brought by the insurance carrier under the quoted statute is such an amount as would fairly compensate the plaintiff for his injury, which amount. the law applies first to the actual court costs, then to payment of attorneys' fees when approved by the commission, and to the insurance carrier so much as is necessary to reimburse it for any amount paid under an award of the commission, and any remaining excess to the injured employee. The amount paid by the insurance carrier to the employee is not recoverable from a third party tort-feasor in addition to the fair compensation for injury received, but is only to be paid from the amount of such fair compensation, provided such compensation be sufficient for that purpose.

The fact that the court may have laid down the correct rule for the admeasurement of damages in other portions of the charge does not cure the error to which exception is reserved for the reason that it cannot be presumed that the jury was able to distinguish at which time the court was laying down the correct rule. *May v. Grove,* 195 N. C., 235, and cases there cited.

For the error indicated, there must be a

New trial.