**R. C. HUFFMAN CONST. CO., Inc., v. EAST COAST FOUNDRY & BOILER CO., Inc., for Use and Benefit of CENTRAL SURETY & INSURANCE CORPORATION, et al.**

**No. 9303.**

Circuit Court of Appeals, Fifth Circuit.

June 18, 1940.

Rehearing Denied Aug. 8, 1940.

T. J. Blackwell and W. H. Walker, Jr., both of Miami, Fla., for appellant.

H. Reid DeJarnette and E. Albert Pallot, both of Miami, Fla., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

R. C. Huffman Construction Company, Inc., an Ohio corporation, owned and operated the dredge "Dania" which was engaged in deepening and improving the Miami Channel in Biscayne Bay, Dade County, Florida. The hull, pumps, and equipment of the dredge were in need of repairs, and East Coast Foundry & Boiler Company, Inc., a Florida corporation, was employed to do the repair work.

In the course of the repair work Benjamin M. Bradford, an independent electric welder, was employed by the East Coast Company to do welding aboard the dredge. Bradford went aboard the "Dania" on a Sunday night and proceeded to weld a dismantled pump. After he had worked on the pump for a few hours he left his place of work to get a drink of water. A hatch had been left open, unguarded, and unlighted and as Bradford walked along the deck he fell into the hatch and injured his leg. The injury became infected and Bradford was hospitalized for a period of four weeks.

Bradford filed a claim for compensation under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C. and U.S.C.Supp. IV, § 901 et seq., 33 U. S.C.A. § 901 et seq. After a hearing he was awarded compensation and Central Surety & Insurance Corporation, the insurance carrier for East Coast Company, paid all amounts covered by the award. This action was brought by East Coast Foundry & Boiler Company for the use and benefit of the insurance carrier and Bradford under the provisions of the assignment clause of the Act, 33 U.S.C.A. § 933, and the subrogation clause of the policy issued by Central Surety & Insurance Corporation.

The cause was tried to a jury and a verdict was rendered for the plaintiff for $2,712.10 for the use and benefit of the insurance company, and for $3,000 for the use and benefit of Bradford. Judg-

ment was entered on the verdict and Huffman Construction Company appealed.

Our view of the case makes it unnecessary to set out the evidence which is in sharp conflict. A jury question was presented and the record is without reversible error save as to the following charge: "You are further instructed that under the Longshoremen's Act the Central Surety Company has paid to Mr. Bradford for hospital, doctors, medical bills, and compensation the amount of—whatever dollars it is—and you heard it—some $2900.00, I think. Under the law the East Coast Foundry Company is permitted to bring a suit on its behalf for the use of the insurance company and for the use of Bradford to recover not only the amount expended by the company, but in addition thereto such amount, if any, as you find from the evidence that Bradford would be entitled to recover over and above the amount already paid. In other words, if you find the defendant guilty of negligence, then you must return your verdict for the amount which has been expended by the insurance company. If you find the defendant is responsible for this accident, and it was the negligence of the owner of that barge that brought about this trouble rather than the negligence of the plaintiff, the construction company, or rather, the negligence of this plaintiff, Mr. Bradford—his own negligence—why then you must find for the amount that has been expended by the company, and in addition, if you find from the evidence that Bradford has suffered injuries for which he has not been compensated, then it is your duty to increase the amount of the damages by such sum as you believe from the evidence would reasonably compensate him for his loss of earnings, if any, for pain and suffering, if any, and his future loss of earnings, if any."

The giving of this charge was error. We are unable to find from the evidence that the hospital bills, medical expenses, and bills for services of physicians and surgeons were reasonable. The test is not what was paid out by the employer or the insurance company. The measure of damages in cases like this is such amount as would fairly compensate Bradford for his injury, taking into consideration his pain and suffering, his loss of time, the extent of the injuries and whether or not he was permanently or totally disabled, the amount he has paid out or that has been paid out for him for doctors, nurses, medicines, and hospitalization, provided such expenses are shown to have been reasonable and necessary. Rogers et al. v. Southeastern Construction Co., 214 N.C. 269, 199 S.E. 41; American Mutual Liability Ins. Co. v. Otis Elevator Co., 160 Tenn. 248, 23 S.W.2d 245.

After recovery on the above basis the amount recovered must be applied in accordance with the provisions of Section 933(e) (1) of Title 33 U.S.C.A., and the employer shall then pay "any excess to the person entitled to compensation or to the representative." Sec. 933(e) (2).

For the error pointed out the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.