**MOORE et al. v. HECHINGER.**

**No. 7995.**

United States Court of Appeals for the District of Columbia.

Argued April 10, 1942.

Decided May 4, 1942.

Mr. Leonard J. Ganse, with whom Mr. Carl F. Bauersfeld was on the brief, both of Washington, D. C., for appellants.

Mr. James M. Earnest, with whom Messrs. W. W. Spalding and W. Gwynn Gardiner were on the brief, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

GRONER, C. J.

This is an action against an alleged third party wrongdoer to recover damages for personal injury, and is brought under the provisions of the District of Columbia

Workmen's Compensation Law.[1] Appellants Moore and Lloyd were the injured employees; appellant Aetna the insurance carrier; and appellee Hechinger the alleged third party wrongdoer. Moore and Lloyd elected to receive compensation under the statute, and the deputy commissioner entered an award fixing the amount. Thereafter Aetna brought suit, joining Moore and Lloyd as parties plaintiff. Appellee filed a motion under Rule 21 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c to drop plaintiffs Moore and Lloyd as parties.[2] Appellants insisted Moore and Lloyd were proper parties plaintiff under the new rules.[3] Judge Morris, in a well considered opinion, concluded that Moore and Lloyd were not "real parties in interest" and sustained the motion. The single question for decision is: Did the lower court properly drop Moore and Lloyd as parties plaintiff?

The answer turns upon the construction of the following paragraphs of Section 33 of the Compensation Act:

"(a) If on account of a disability or death for which compensation is payable under this Act [chapter] the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person.

\*　　\*　　\*　　\*　　\*

"(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or

---

[1] Act of May 17, 1928, c. 612, 45 Stat. 600, D.C.Code 1940, §§ 36-501, 36-502, 33 U.S.C.A. § 901 note, which made applicable to employees in certain employments in the District of Columbia the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, c. 509, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

[2] Parties may be dropped or added by order of the court on such terms as are just.

[3] "Rule 17. Parties Plaintiff and Defendant; Capacity

"(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. \* \* \*

"Rule 18. Joinder of Claims and Remedies

"(a) Joinder of Claims. The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. There may be a like joinder of claims when there are multiple parties if the requirements of Rules 19, 20, and 22 are satisfied. There may be a like joinder of crossclaims or third-party claims if the requirements of Rules 13 and 14 respectively are satisfied. \* \* \*

"Rule 19. Necessary Joinder of Parties

"(a) Necessary Joinder. Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.

"(b) Effect of Failure to Join. When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

may compromise with such third person either without or after instituting such proceeding.

· "(e) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

"(1) The employer shall retain an amount equal to—

"(A) the expenses incurred by him in respect to such proceedings or compromise (including a reasonable attorney's fee as determined by the deputy commissioner);

"(B) the cost of all benefits actually furnished by him to the employee under section 7 [907];

"(C) all amounts paid as compensation;

\*     \*     \*     \*     \*

"(2) The employer shall pay any excess to the person entitled to compensation or to the representative.

"(f) If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the commission of his election and institutes proceedings within the period prescribed in section 13 [913 of this chapter], the employer shall be required to pay as compensation under this Act [chapter] a sum equal to the excess of the amount which the commission determines is payable on account of such injury or death over the amount recovered against such third person.

"(g) If a compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this Act [chapter], the employer shall be liable for compensation as determined in subdivision (e) only if such compromise is made with his written approval.

\*     \*     \*     \*     \*

"(i) Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section."

[Paragraph (i) was added by amendment of June 25, 1938].

■■ These paragraphs have been generally construed to mean that, once an injured employee accepts compensation under the Act, he has no claim or right against any person responsible for his injury.

When an injury is sustained through the wrongful act of a third party, the employee must elect between compensation from his employer and suit against the wrongdoer. He cannot have both. Hunt v. Bank Line, 4 Cir., 35 F.2d 136; Johnsen v. American-Hawaiian S. S. Co., 9 Cir., 98 F.2d 847; The Nako Maru, 3 Cir., 101 F.2d 716; Weldon v. United States, 1 Cir., 65 F.2d 748; The Kokusai Kisen Kabushiki Kaisha, D. C., 44 F.2d 659. In the Bank Line case, [35 F.2d 138], Judge Parker, construing that provision of the Act which entitles the injured employee to receive from his employer any excess over reimbursement which the latter recovers from the third party, said that this provision was not intended to give to the employee "any right or interest in, or control over, the cause of action which is assigned by the act to the employer"; and that only after a judgment in excess of the amount necessary to reimburse the employer was had, did any interest of the employee arise. We have made a careful search in the Federal Reporter and in the Federal Supplement of cases brought under the Longshoremen's Act in which the question we have here has arisen, directly or indirectly, and we find that, without exception, they all follow the rule announced by Judge Parker in the Bank Line case and hold that acceptance of compensation under the terms of the Act operates an absolute transfer to the employer of the substantive rights of the injured employee against the third party and strips the employee of any · further right unless and until the employer sues and recovers an amount in excess of his expenditure. Then, and only then, a new right arises against the employer for the excess. In the case of The Kokusai Kisen Kabushiki Kaisha, supra, Judge Hutcheson decided the precise question. He said: "\* \* \* I think it perfectly plain that plaintiff Culver [the injured employee] has no right to sue or join in the suit."

The same conclusion was reached by the First Circuit in Weldon v. United States, supra, where the action had originally been brought by the injured employee against the third party wrongdoer and in which the libel stated that the sums recoverable under it had been assigned by force of law to his employer and that the libel was brought for the benefit of both. The District Court refused to permit an amendment to the libel, substituting the employer as libelant. The Court of Ap-

peals held this might be done. Both courts conceded that the employer and not the injured employee was the proper party plaintiff.

Two cases from the Supreme Court require notice. In Aetna Life Ins. Co. v. Moses, 287 U.S. 530, 53 S.Ct. 231, 233, 77 L.Ed. 477, 88 A.L.R. 647, a widow, who was also administratrix of the estate of the deceased employee, had accepted compensation. She brought a suit against the third party wrongdoer, on the ground that under the District of Columbia death statute only the administrator or executor of the deceased could legally bring the action. The Supreme Court rejected this view, and held that the employer (now, by the addition of Section 33 (i) of the Act, the insurer) was the proper and only necessary party plaintiff. "Accordingly, the employer is the party to bring the action and the only necessary party plaintiff in the case before us".

In Doleman v. Levine, 295 U.S. 221, 55 S.Ct. 741, 743, 79 L.Ed. 1402, the widow of the deceased employee accepted compensation. The father, though entitled to compensation, elected not to receive it, qualified as administrator, and brought suit to recover for the death of his son under the provisions of the Wrongful Death Act of the District of Columbia. D.C.Code 1929, Tit. 21, §§ 1–3. The two lower courts held against the right of the father and in favor of the right of the employer to bring the suit. The Supreme Court reversed, on the ground that the employer, by the election of the wife and the non-election of the father, was subrogated only to a share of the proceeds of the recovery and therefore was not entitled to bring the suit, but in the event of recovery by the administrator, might by appropriate proceedings compel him to account for the proceeds to the extent of the employer's outlay. Distinguishing the case from that of Aetna Life Ins. Co. v. Moses, supra, the Supreme Court said: "In [the Aetna case], the widow of an employee who was killed in the course of his employment, and who was also his administratrix and the sole beneficiary under both the Compensation and the Wrongful Death Acts, elected to receive compensation. It was conceded that the widow, before her election, was alone entitled to the benefit of the Wrongful Death Act, and the question was who, in consequence of her election, was the proper plaintiff to bring the action. This Court held, construing section 33 (a) and (b), that the Compensation Act, called into action by her election, operated to transfer to the employer all her right of recovery under the Wrongful Death Act. Since the transfer of her entire interest was effected by section 33 (b), which in terms declared that acceptance of compensation by the dependent 'shall operate as an assignment,' we thought that a complete and unqualified transfer was intended, which would authorize the employer to maintain the suit in his own name, without necessity of suing in the name of the administratrix as in the case of an assignment of a chose in action at common law."

Enough has been said to show that the cases all hold that, where the injured employee has accepted compensation, Section 33 (b) transfers "all rights" to recover damages from the third party to the employer. The right or interest in the employee under 33 (e) (2) arises only after a successful suit by the employer and the recovery of an excess. If this is correct, there can be no doubt that the employee is not, under 17 (a) of the new rules, a real party in interest, and to join him as a party plaintiff would be contrary to the terms of that rule, which requires the action to be prosecuted in the name of the real party in interest. Furthermore, reason compels this conclusion, for if the employee is a necessary or proper party, the freedom of action which the statute vests in the employer in the circumstances we are considering would be lost. He could neither dismiss, settle, nor prosecute over the objection of his co-plaintiffs. His hands would be tied, and the thing which the statute gives him absolutely would be subject to the control of another. Such a result the language of the statute does not warrant. Therefore, we are of opinion that in this case the employer was the true and real party in interest and must sue in his own name. Thomas-Bonner Co. v. Hooven, O. & R. Co., D.C., 284 F. 377, affirmed 6 Cir., 284 F. 386, and see also 2 Moore's Federal Practice, 2041, et seq.; McWhirter v. Otis Elevator Co., D.C., 40 F. Supp. 11.

We deem it, however, not improper to add to what we have said that, in our view, there is no legal impediment to an action by the insurer or employer in his own name to his own use and to the use of the injured employee. The Supreme Court in Aetna Life Ins. Co. v. Moses, supra, at a time when the local rules of procedure were

substantially the same as the present federal rules, expressly held that this might be done; and the Court prefaced this with the statement that both "are interested in the recovery", which is obviously true. We perceive no valid reason why the plaintiff, though he may not join the employee as a "legal plaintiff", may not indicate that the employee will, if the amount of the recovery is large enough, receive a benefit.

The purpose of the new rules is to effect a procedural change that simplifies and clarifies trial practice. It would be contrary to this spirit to presume, that because they require that an action be brought in the name of the real party in interest, they thereby preclude the designation of an interest which, although admittedly existing, is not sufficient to be the basis of an action.

The course that we outline was pursued in Huffman Const. Co. v. East Coast F. & B. Co., 5 Cir., 112 F.2d 684, and in the S. S. Anderson, D.C., 37 F.Supp. 695, both arising after the adoption of the new rules —though it is fair to say that its propriety was not questioned nor passed upon in either case.

The judgment of the court below is affirmed, but with leave to the plaintiff, if it shall be so advised, to amend the complaint.

Affirmed.