ALL WEATHER STORM WINDOWS, Inc.,
a corporation, Appellant,

v.

Harry F. ZAHN, Appellee.

No. 1594.

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 7, 1955.

Decided March 14, 1955.

Frederick H. Livingstone, Washington, D. C., with whom Paul J. Sedgwick, Washington, D. C., was on the brief, for appellant.

J. E. Bindeman, Washington, D. C., with whom Dexter M. Kohn, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was sued for personal injuries and property damage suffered by appellee in a collision between appellant's truck and appellee's automobile. At trial appellant did not contest liability and questioned only the amount of damages claimed. This appeal raises three points respecting proof of damages and the amount of the jury's verdict.

The first point alleges error in that appellee was allowed to prove damages in greater amounts than those set forth in the pre-trial order. At pre-trial appellee had itemized his damages, other than personal injuries, and the total of those items was $375.08. At trial he was allowed to prove damages in excess of this amount. The extent of the excess is not quite clear. Appellant says the excess was $125; appellee says it was only $78.35. However, it is conceded that appellee's proof did not strictly conform to his statements at pretrial. For example, the pre-trial proceed-

ings show appellee's claim for loss of earnings to be $45, whereas at trial he was allowed to prove such loss to be $100.

▪ The trial court's rule 16 provides that the pre-trial order "controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." Pre-trial procedure contemplates that a fair disclosure shall be made at pre-trial conference in order to remove cases from the realm of surprise,[1] and generally a party is bound by pre-trial stipulations.[2] However, rigid adherence to the pre-trial order should not always be exacted.[3] The rule empowers the trial court to modify or amend the pre-trial order when in its judgment it is necessary in order to prevent manifest injustice.[4] We find no abuse of the trial court's discretion in this instance.

▪ The next point made claims error in not allowing appellant to show that appellee failed to minimize his damages. Appellee's dental plate was broken in the accident and he testified that he did not have the money to have the necessary dental work done and as a result he was handicapped for a period of time in his occupation as a salesman. Appellant attempted to show that appellee could have made application for workmen's compensation and thereby have promptly obtained funds for the necessary dental work, and thus have avoided this interference with his occupation. The trial court refused to allow appellant to make this showing. We think this was right. Assuming that appellee had a right to claim workmen's compensation, he also had the right to elect to sue appellant.[5] A wrongdoer cannot complain if the injured party elects not to claim workmen's compensation.

▪ The third point asserts error on the part of the trial court in denying a motion for new trial on the ground that the verdict was excessive. Ordinarily the question of granting or denying a new trial for excessiveness or inadequacy of verdict is one resting in the discretion of the trial court, and the action of the trial court is reviewable only for abuse of discretion.[6] The verdict in this case was $2,250 and on the record we cannot say it was so excessive that it was an abuse of discretion to let it stand.

Affirmed.

1. Cherney v. Holmes, 7 Cir., 185 F.2d 718.

2. Geopulos v. Mandes, D.C.D.C., 35 F. Supp. 276; McCarthy v. Lerner Stores Corporation, D.C.D.C., 9 F.R.D. 31.

3. Phoenix Mut. Life Ins. Co. of Hartford, Conn. v. Flynn, 83 U.S.App.D.C. 381, 171 F.2d 982; Smith Contracting Corp. v. Trojan Const. Co., 10 Cir., 192 F.2d 234.

4. Annotation, 22 A.L.R.2d 599.

5. Moore v. Hechinger, 75 U.S.App.D.C. 391, 127 F.2d 746.

6. Munsey v. Safeway Stores, Inc., D.C. Mun.App., 65 A.2d 598. See also Coca Cola Bottling Works, Inc., v. Hunter, D.C.Cir., 219 F.2d 765.