Levi C. SMITH, to his own use and to the use of The Travelers Insurance Company, a body corporate,

v.

A. H. BULL STEAMSHIP CO.

Levi C. SMITH

v.

The TRAVELERS INSURANCE COMPANY, a body corporate.

Civ. Nos. 11591, 12706.

United States District Court
D. Maryland.

Sept. 5, 1962.

Solomon Kaplan and Sol C. Berenholtz, Baltimore, Md., and Harvey Goldstein, New York City, for Levi C. Smith.

Randall C. Coleman, Jr., and Southgate L. Morison, Baltimore, Md., and Kirlin, Campbell & Keating, New York City, for A. H. Bull Steamship Co.

Mathias J. DeVito and Jesse Slingluff, Baltimore, Md., for The Travelers Insurance Co.

THOMSEN, Chief Judge.

The pending motions raise the question whether under the circumstances of this case a longshoreman who accepted compensation from his employer's insurance carrier under an award in 1958 may maintain an action in his own name to the use of the carrier against the shipowner for negligence and unseaworthiness where the carrier has refused to bring such an action, or may require the carrier to reassign to the longshoreman the right of action against the shipowner which was assigned by operation of law to the employer and by subrogation to the carrier.

### The Facts

In January 1957 Levi C. Smith, a longshoreman employed by Bull Insular Lines, a stevedoring company, was injured at work when he slipped and fell from a pontoon or hatch cover onto the deck of the S. S. Emilia. The employer carried workmen's compensation and liability insurance with Travelers Insurance Company. The vessel was owned by A. H. Bull Steamship Co. (the shipowner), which carried P. and I. insurance with some company other than Travelers.

Smith accepted compensation, and on March 7, 1958, an award was entered by a deputy commissioner. Payments under the award were made by Travelers and accepted by Smith.

■ Before it was amended in 1959, 33 U.S.C.A. § 933(b) provided: "Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."[1] Travelers acquired the right from the employer by subrogation. 33 U.S.C.A. § 933(i).

Nevertheless, in July 1959 Smith filed this action against the shipowner in the Southern District of New York. In August 1959, by order of that court, the action was transferred to this district, where the injury had occurred, and became Civil Action No. 11591. After various mesne proceedings, including a demand by Smith's attorneys that Travelers reassign to Smith the cause of action against the shipowner, an amended complaint was filed herein, in the name of Smith, to the use of Travelers, alleging that Smith had been caused to slip, fall and be injured by oil on the deck, which had been tracked onto the pontoon from which he fell, and that his injury was the result of unseaworthiness of the vessel and negligence on the part of its owner.

The amended complaint in No. 11591 further alleged that despite his acceptance of compensation under the award Smith continued to have an interest in the cause of action against the shipowner; that Travelers was obligated to sue thereon or to reassign the cause of action to Smith, particularly in view of the alleged conflict of interest arising out of the alleged close relationship between the stevedoring company and the shipowner, and the fact that if the shipowner or its P. and I. insurer should make a claim for indemnity against the stevedoring company for any recovery Smith might obtain against the shipowner, Travelers would be obliged under the liability policy issued to the stevedoring company, to defend such claim and to pay any judgment that might be recovered by the shipowner or the P. and I. insurer; and that Travelers had failed or refused after demand either to sue the shipowner or to reassign the cause of action to Smith. The shipowner has answered the complaint, raising as a separate defense the question of Smith's right to maintain the action.

Smith has also filed in this court an action, No. 12706, against Travelers, seeking an order compelling it to reassign to him the cause of action against the S. S. Emilia and her owner. Travelers has moved to dismiss that complaint.

After further proceedings the parties in interest—Smith, Travelers and the shipowner—have agreed:

1. That there shall be a separate trial before the court without a jury on the issue of Smith's right to maintain his action No. 11591 against the shipowner. The parties desire to have that issue decided as a matter of law on the facts set out in the pleadings, including an affidavit by McDorman, Travelers' assistant claims manager, and in a stipulation filed in the case. Each side feels that it is entitled to prevail as a matter of law, and that with respect to that issue there is no substantial dispute as to any material fact. Accordingly, they have requested the court to dispose of the matter as though motions for summary judgment had been filed by the respective parties, limited to the one issue.

2. That the court shall consider the motion to dismiss filed by Travelers in the action against it, No. 12706, on the facts alleged in the complaint in that case plus the stipulation filed in No. 11591; and that the court may also con-

I. In 1959 the statute was amended so that 33 U.S.C.A. § 933(b) now reads as follows: "Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award." The case at bar, however, is controlled by the former provision.

sider that Smith has filed a motion for summary judgment against Travelers in No. 12706, to be decided on the facts alleged in the complaint in that case, Mc-Dorman's affidavit and the aforesaid stipulation.

3. All parties believe that it is a desirable policy that the issues raised by the motions be decided as a matter of law without the necessity of taking testimony on the question of specific intent. To that end Smith is not alleging bad faith against Travelers, but contends that under the existing law he is entitled to maintain the suit or to have Travelers reassign the cause of action to him entirely apart from any question of good or bad faith.

### The Authorities

In Hunt v. Bank Line, 4 Cir., 35 F.2d 136, a longshoreman who had accepted compensation under an award sought to maintain an action against an allegedly negligent third party, the owner of the vessel on which he was injured. He alleged that he had "a substantial interest in having such suit instituted, and that the employer will not institute same, because its insurance carrier is also the insurance carrier of the vessel." His position was "that the cause of action assigned by operation of the act to the employer is held by the latter in trust for the benefit of the employee, as well as for his own benefit, and that, upon failure of the employer to sue, the employee may bring the suit himself for the benefit of both, joining the employer as a party." 35 F.2d at 136. After analyzing the statute, Judge Parker said: " * * * the employee, having accepted the compensation which the law has fixed, has no further interest in the matter, unless the employer decides to sue and succeeds in recovering more than is necessary for his reimbursement. Then, and not until then, the interest of such employee arises. And this is given by the statute to the employee, not, we think, because he is deemed to have any interest in the cause of action, but to avoid the unseemly spectacle of the employer realizing a

profit from his injury." 35 F.2d at 138. The reasoning embodied in the last sentence of the quotation was based upon New York and Massachusetts cases discussed in the opinion. The Court of Appeals affirmed a decree dismissing the libel.

In 1956, however, Hunt v. Bank Line was overruled by Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387. In the latter case a longshoreman who had accepted compensation sought to maintain a suit against the owners and operators of the vessel involved and against a contractor, Hamilton. Both the employer and the contractor were insured by Travelers. The opinion of the Court said: "Hamilton had constructed the steps on which the accident occurred, and might be held liable if its negligence was the cause of Czaplicki's injuries; it might also be subject to a claim over by Kerr or the Norwegian Trade Mission if either of them should be held liable. Cf. Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L. Ed. 133. The result is that Czaplicki's rights of action were held by the party most likely to suffer were the rights of action to be successfully enforced. In these circumstances, we cannot agree that Czaplicki is precluded by the assignment of his rights of action from enforcing those rights in an action brought by himself." 351 U.S. at 530, 76 S.Ct. at 949.

After discussing 33 U.S.C.A. § 933, the opinion continued: "In a very real sense, therefore, the injured employee has an interest in his right of action even after it has been assigned. Normally, this interest will not be inconsistent with that of the assignee, for presumably the assignee will want to recoup the payments made to the employee. * * * In giving the assignee exclusive control over the right of action, however, we think that the statute presupposes that the assignee's interests will not be in conflict with those of the employee, and that through action of the assignee the employee will obtain his share of the proceeds of the right of action, if there is

a recovery. Here, where there is such a conflict of interests, the inaction of the assignee operates to defeat the employee's interest in any possible recovery. Since an action by Travelers would, in effect, be an action against itself, Czaplicki is the only person with sufficient adverse interest to bring suit. In this circumstance, we think the statute should be construed to allow Czaplicki to enforce, in his own name, the rights of action that were his originally." 351 U.S. at 531, 76 S.Ct. at 950. The Court added: "We need not go so far as to say that by giving the employee an interest in the proceeds of a third-party action the statute places the assignee in the position of a fiduciary, cf. United States Fidelity & Guaranty Co. v. United States, [2 Cir.] 152 F.2d 46, 48; all we hold is that, given the conflict of interests and inaction by the assignee, the employee should not be relegated to any rights he may have against the assignee, but can maintain the third-party action himself. In so holding, we recognize that one Court of Appeals has held otherwise under this same statute, see Hunt v. Bank Line, [4 Cir.] 35 F.2d 136, as have certain state courts under similar statutes, * * *." 351 U.S. at 532, 76 S.Ct. at 950. Finally, the Court said: "Travelers is, of course, a proper party to this suit, since any recovery must first go to reimburse it for amounts already paid out. If Travelers is subject to the court's jurisdiction it should therefore be made a party, pursuant to Czaplicki's motion, assuming that there has been proper service of process." 351 U.S. at 532, 76 S.Ct. at 950.

A somewhat similar situation was presented to the Third Circuit in Johnson v. Sword Line, Inc., 240 F.2d 954 and 257 F.2d 541. When that case first came before the Court of Appeals, that Court pointed out that the employer and its insurance carrier had not stated any reason why it had not brought suit, and said that they could not be permitted "to stand pouting in a corner like a sulky milkmaid at a barn dance and simply refuse to bring suit without adequate reason." 240 F.2d at 956. The Court of Appeals remanded the case for further inquiry by the trial court. On the second appeal, the Court laid down the rule that the burden of establishing a valid basis for inaction must be placed on the carrier, and that if the burden is not met it is necessary to presume that a conflict of interest exists. 257 F.2d at 544, 546. The Court continued: "Where the employer stevedoring company or its insurance carrier finds adequate grounds for concluding that the third-party action to be brought against the shipowner by the stevedoring company is not a meritorious one, there is a basis for the employer stevedoring company or its insurance carrier not to bring suit for the nature of the suit may not justify the expenditure of the funds ordinarily involved in such a litigation. But, this would not necessarily excuse the failure of the employer stevedoring company or its insurance carrier to reassign the claim to the longshoreman. * * * Accordingly, unless the suit obviously be one lacking in merit we fail to perceive any basis for the refusal of the stevedoring company of (sic) its insurance carrier to reassign the claim to the injured longshoreman unless that refusal is based on a fear that the shipowner would implead the employer stevedoring company and it and its insurance carrier would lose more money than they, or either of them, could gain by assigning the claim." 257 F.2d at 546. The reasons given by the insurance carrier for not filing the suit were found insufficient by the Third Circuit to meet the burden of proof which was said to rest on the carrier, though in effect it was placed on the defendant shipowner, since the carrier was not a party to the case.

## Discussion

In Czaplicki the action was against a third-party which was also insured by the employer's insurance carrier. The Court held that under those circumstances the conflict of interest was so clear that the carrier could not make an independent judgment. The Court rejected the fiduciary theory, and did not say that

the right of action must be reassigned to the longshoreman in every case, or in any case, or that the longshoreman is always entitled to bring suit against a third person no matter what reasons the insurance carrier may have for refusing to do so. The question therefore is under what circumstances the decision of the carrier not to sue binds the longshoreman.

Following generally the rule laid down by the Third Circuit in Johnson, I conclude that the burden of proof is on the shipowner in No. 11591 to show that no conflict of interest was a factor in the decision of the insurance carrier not to sue the shipowner. The same burden would rest on Travelers in No. 12706 if its motion to dismiss is not granted. The burden may be met by showing either that the claim against the shipowner is "obviously lacking in merit", or that the claim against the shipowner is one which could not reasonably give rise to a claim for indemnity by the shipowner against the employer.[2]

It is not a question of proof of the actual intent of the various employees of the carrier who participated in the decision not to sue, but proof of whatever facts and circumstances are relevant and material to the question whether the possible conflict of interest is so slight that it cannot reasonably be considered to have had any weight in the carrier's decision.

In the instant case the facts relied on by Travelers for its decision not to sue the shipowner are, of course, different from the facts relied on by the insurance carrier in Johnson, but they are of the same general nature. The affidavit of Travelers' assistant claims manager shows that on a number of occasions Smith said that he slipped on the pontoon or that he fell from the

pontoon, but did not say that he was caused to slip by the presence of oil thereon. The quoted statements neither affirm nor deny the presence of oil, but since the statements were given in connection with a "routine" claim for workmen's compensation, it was not material what caused Smith to slip. It may be that the idea of the oil was conceived when Smith considered suing the shipowner; that, however, will be for the jury to decide if and when the action comes to trial. No bad faith on the part of Travelers is shown or claimed, but it is not necessary for Smith to show bad faith under either Czaplicki or Johnson. This court cannot say that Smith's claim against the shipowner is so obviously lacking in merit, or that the possibility of a claim for indemnity by the shipowner against the employer is so remote, that the possible conflict of interest played no part in Travelers' decision not to bring an action against the shipowner.[3] The shipowner has not met the burden of proof resting upon it to justify Travelers' refusal to sue.

It is unnecessary to decide whether an insurance carrier may ever be required to reassign a claim to a longshoreman and, if so, under what circumstances. In the instant case it is sufficient to rule that Smith is entitled to maintain his pending action against the shipowner, which has been entered to the use of Travelers. Nothing would be gained by requiring Travelers formally to reassign the claim to Smith and to require Smith to file a new action or to amend his complaint.

The simplest way to accomplish the result is (a) to deny with prejudice the motion of A. H. Bull Steamship Co. to dismiss Civil Action No. 11591 and (b) to dismiss as moot Civil Action No. 12706. Appropriate orders will be entered.

2. In other cases it may be possible to meet the burden by showing other facts, such as that the employer's liability carrier was a different company from its compensation carrier.

3. It is not necessary to go into the relationship between Bull Insular Lines and A. H. Bull Steamship Co.