John F. WYNN, Jr., Plaintiff,

v.

Ansel P. KELLEY, Potomac Electric Power Co., District of Columbia, Defendants.

Civ. A. No. 330–62.

United States District Court District of Columbia.

Nov. 18, 1963.

I. Irwin Bolotin, Washington, D. C., for the plaintiff.

Stephen A. Trimble, Washington, D. C., for the defendant Potomac Electric Power Co.

James M. Cashman, Washington, D. C., Asst. Corp. Counsel, for the defendant District of Columbia.

HOLTZOFF, District Judge.

This case presents a question of novel impression in this jurisdiction concerning the rights of an injured employee to enforce a cause of action for negligence against a third party in addition to accepting workmen's compensation under the Longshoremen's and Harbor Workers' Compensation Act, which constitutes the Workmen's Compensation Act for the District of Columbia. In order to present the question it would be helpful first to summarize briefly the chronology of the proceedings in this case.

■ The plaintiff, who was the injured employee, was injured on August 1, 1960. A compensation award under the Longshoremen's and Harbor Workers' Compensation Act was made in his favor on March 9, 1962. In the meantime, on January 30, 1962 he had brought a third party action against one Ansel P. Kelley, seeking to recover damages for negligence on account of the same injury. On July 17, 1963, he filed an amended complaint adding the Potomac Electric Power Company as an additional defendant against whom the so-called third party claim was made. Naturally, when a new party is brought in, the amendment does not relate back to the date of the institution of the action insofar as the new party is concerned and the rights and liabilities of the Potomac Electric Power Company must be determined as though an action was brought against it on the date of the filing of the amended complaint, July 17, 1963.

The defendant Power Company moves to dismiss the action on the ground that the plaintiff employee is not the real party in interest in that his cause of action had been assigned by operation of law to his employer. Both parties agree that this motion should be treated as a motion for summary judgment.

■ Taking up the pertinent provisions of the statute, prior to 1959 the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 933, accorded to an injured employee, who claimed that some person other than his employer was liable in damages for his injury, a right of election either to receive compensation under the Act or to recover damages against the third person. Acceptance of compensation under a compensation order operated as an assignment to the employer of all rights to recover damages against a third person. This section was amended, however, on August 18, 1959. The purpose and effect of the amendment was to liberate the employee from the dilemma in which he had either to elect to accept compensation or elect to sue the third party. He was permitted to do both under this amendment.

As amended, subsection (a) of Section 933, to which reference has been made, reads as follows:

"If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages, he need not elect whether to receive such compensation or to recover damages against such third person."

■ Subsection (b) provides that an acceptance of a compensation award shall operate as an assignment to the employer of all rights of the employee to recover damages against such third person unless such person shall commence an action against such third person within six months after such award. In other words, the injured employee may accept compensation and still bring an action against a third party within six months after the compensation award. If he fails to bring the action, then his rights against a third party are assigned by op-

eration of law at the end of that period to his employer. In this instance the third party action was brought by the employee long after the expiration of the six months period and shortly before the expiration of the statute of limitations against bringing of the action.

 If the statute stopped at this point the Court would agree with counsel for the defendant that the plaintiff has lost all his rights to bring suit by not doing so within the six months period. The statute, however, proceeds, in subsection (d), as follows:

"Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding."

In other words, subsection (d) places a limitation on the assignment. It is not an assignment for all purposes. It confers on the employer the right to institute and maintain proceedings or to compromise the claim with such third person. It does not authorize him to do nothing about it. The statute unfortunately does not indicate what should happen if the employer does nothing about the matter. It is what might be called a *casus omissus*.

Now we proceed to the following subsection, subsection (e). That section provides, in effect, that if the employer recovers any damages whether or not as a result of a compromise he shall first reimburse himself for all expenses, plus one-fifth of the excess, which presumably is compensation for his trouble, and then pay the balance to the employee. In other words, the employee retains what might be called an equitable right in the claim because he is interested in the outcome. His position is analogous to that of a *cestui que* trust, and the position of the employer, who is the assignee of the legal title to the claim, is analogous to that of a trustee, who, however, is empowered to reimburse himself for his expenses and receive compensation for his trouble.

To go back to subsection (d) that provision indicates that the assignment to the employer is not an absolute or complete assignment but confers on the employer certain limited powers. It does not confer upon him the power to abandon the action. The difficulty, of course, is that Congress apparently did not foresee the possibility of an abandonment of the action and, not anticipating such a contingency, has made no provision for it. It is necessary, therefore, to endeavor to interpret Congressional intent and the purpose of the statute.

Workmen's compensation acts are to be liberally construed. The Supreme Court many years ago in the case of Church of the Holy Trinity v. United States, 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226, made the following statement:

"It is a familiar rule, that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers. * * * This is not the substitution of the will of the judge for that of the legislator, for frequently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act."

There are many other cases that could be cited along the same line.

The Court reaches the conclusion that Congress could not have intended that the employer by his inaction should be permitted to destroy the rights of the injured employee against a third party, in view of the fact that the employee is accorded by this statute an interest in the recovery which may, at times, be much greater than the interest of the employer, and in view of the further fact that there are limitations on the em-

ployer's assignment expressly provided in the statute.

While the question is not free from doubt, and the Court was indeed impressed by the able argument of counsel for the defendant, the conclusion is nevertheless reached that if the employer, after the claim is assigned to him by operation of law, fails within a reasonable time either to institute suit or to secure a compromise of the claim, the injured employee may, within the period limited by the applicable statute of limitations, bring suit in his own name, and, therefore, he has the capacity to sue.

The Court has considered the case decided by the Court of Appeals of the State of New York on which counsel for the defendant relies, Taylor v. New York Central Railroad Co., 294 N.Y. 397, 62 N.E.2d 777. That case does seem to sustain the position of the defendant in this case, and under ordinary circumstances New York decisions construing its Workmen's Compensation Act would be very persuasive in view of the fact that the New York Act was one of the first statutes of its kind. An analysis of the New York statute, however, shows that the applicable section of the New York Workmen's Compensation Act, McKinney's Consol. Laws, c. 67, § 29, differs substantially from Section 933 of the Federal Act, as amended, and, therefore, the Taylor case cannot be deemed an authority. Specifically, there is no provision in the New York Act paralleling subsection (d) of the Federal Act, and it is subsection (d) that places limitations on the assignment made to the employer. In fact, the principle of statutory construction that enumerating some matters and failing to mention others is equivalent to excluding them, would seem to exclude the right of the employer to do nothing about the claim.

The Court is not unmindful of the fact that there are expressions which would lead to a contrary conclusion in a decision of the United States District Court for the Eastern District of Michigan in Alexander v. Creel, 54 F.Supp. 652. With due deference to the learned Judge who wrote that opinion, this Court takes a different view of the matter.

Accordingly, the defendant's motion to dismiss the complaint, construed as a motion for summary judgment, is denied.