Stevenson McCLENDON, Plaintiff,

v.

CHARENTE STEAMSHIP CO. et al.,
Defendants,

v.

TEXAS CONTRACTING CO., Third-Party Defendant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION et al., Defendants in Second Cause of Action.

Civ. A. No. 13831.

United States District Court
S. D. Texas,
Houston Division.

Feb. 26, 1964.

Will Gray, Houston, Tex., for plaintiff.

Royston, Rayzor & Cook, Houston, Tex. (Carl O. Bue, Jr., Houston, Tex.), for defendants.

Fulbright, Crooker, Freeman, Bates & Jaworski (Gus Kolius), Houston, Tex., for third-party defendant and for defendants in second cause of action.

NOEL, District Judge.

This case is before the Court upon defendants' Motion for Summary Judgment and/or Dismissal. Briefs have been submitted and oral argument had. Upon completion of oral argument, it was the feeling of the Court that the Motion should be carried with the case to enable a full record to be made before an appeal was perfected. However, in light of subsequent developments, such as allegations of conspiracy resulting temporarily in a state-court action, discovery problems, etc., it is felt a more effective administration of justice and a speedier and less expensive disposition of the case can be effected by acting upon defendants' Motion now. The Court feels it is less burdensome for all parties concerned, even though two appeals might result from its action. But on the other hand, no party may decide to appeal from the order of the Court entered herein, and all will thus be spared further time and expense in this matter.

The plaintiff brought this action against the defendants for personal injuries sustained aboard their vessel on September 29, 1959, while performing his duties as a longshoreman. Plaintiff received medical and compensation benefits under the provisions of the Longshoremen's and Harbor Workers' Compensation Act.[1] A formal award of compensation was issued by the Deputy Commissioner of Labor on December 28, 1960. Subsequently, an amended award of a partial lump-sum payment was issued by the Deputy Commissioner on February 4, 1961. Plaintiff filed the

1. 33 U.S.C.A. § 901 et seq.

present third-party suit on August 17, 1961.

The basis for defendants' Motion is that since the present suit was filed more than six months after the issuance of a formal award by the Deputy Commissioner, whatever cause of action the plaintiff may have had against them was, by virtue of 33 U.S.C.A. § 933(b),[2] assigned to his employer. However, plaintiff asserts that he is not precluded from bringing suit after the six-month period even though he has accepted compensation when there is a conflict between his interests and those of his employer or its insurance carrier. He alleges that such a conflict is present here and that it is evident from the refusal of his employer or its insurance carrier to bring suit on his behalf.

The disposition of defendants' Motion will be determined by the interpretation to be placed upon 33 U.S.C.A. § 933(b). The plain meaning of the statute is that if a longshoreman does not file suit against a third party within six months after a formal award, his cause of action is without exception assigned to his employer. In discussing other provisions of the Act,[3] the Court in Bell v. O'Hearne[4] stated that

> "We are aware of the fact that the entire Act constitutes humanitarian legislation which must be liberally construed but, * * * '* * * that does not give us the power to rewrite the statute of limitations at will, and make what was intended to be a limitation no limitation at all.' "

The purpose behind Section 933(b) of the Act here under consideration, as reflected by its history and interpretation, does not require that it be construed differently from its plain meaning. Prior to August 18, 1959, Section 933(b) provided that acceptance of compensation[5] by a longshoreman would automatically operate as an assignment of his cause of action to his employer. Hence, the longshoreman had to elect between taking his compensation or recovering damages against a third party. This was specifically so provided in Section 933(a).[6]

To alleviate the hardship caused by these statutory provisions in certain situations, the United States Supreme Court in Czaplicki v. The Hoegh Silvercloud[7] held that a longshoreman could accept compensation and nevertheless maintain a third-party action where his interest and that of his employer or its subrogated insurance carrier were in conflict. In Czaplicki the conflict of interest was that the employer's insurance carrier was also the third party's underwriter. Other cases indicated that a conflict of interest might exist where a longshoreman's employer was potentially liable to indemnify the third party under the theory of Ryan

2. This Section provides:
   "Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award."

3. 33 U.S.C.A. § 933(e), (f), (g).

4. 179 F.Supp. 764 (E.D.Va.1960).

5. This Section provided:
   "Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner *shall operate as an assignment* to the employer of all right of the person entitled to compensation to recover damages against such third person." (Emphasis supplied.)

6. "If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, *he may elect*, by giving notice to the deputy commissioner in such manner as the Secretary may provide, to receive such compensation or to recover damages against such third person." (Emphasis supplied.)

7. 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956).

Stevedoring Co. v. Pan-Atlantic Steamship Corp.[8]

Thereafter, on August 18, 1959, Congress amended Section 933(a) and Section 933(b) of the Act to provide as follows:

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages, *he need not elect* whether to receive such compensation or to recover damages against such third person.

"(b) *Acceptance of such compensation* under an award in a compensation order filed by the deputy commissioner *shall operate as an assignment* to the employer of all right of the person entitled to compensation to recover damages against such third person *unless* such person shall commence an action against such third person within six months after such award." (Emphasis supplied.)

The purpose of this amendment is reflected in its legislative history as follows:

" * * * In the event that an employee does not elect to sue for damages within 6 months of the compensation award the employer is assigned the cause of action. * * * [T]he bill as amended by the committee provides greater protection to injured workers and corrects defects in existing law. It carefully protects the interests of all who are involved and balances the equities." [9]

The "defects in the existing law" which the 1959 amendment was passed to correct were strictly those problems present in conflict-of-interest situations. The assignment of the cause of action to the employer in non-conflict-of-interest situations had not been considered a

problem, and, furthermore, had been felt to be the proper and correct result of accepting compensation. This is clear from the language of the pre-amendment statute, and it was obviously the intention of the courts as is evident from the statements in Czaplicki that

"Since the assignee's right to recoup comes before the employee's interest, and because the assignee is likely to be in a better position to prosecute any claims against a third party, control over the right of action is given to the assignee, who can either institute proceedings for the recovery of damages against a third person, 'or may compromise with such third person either without or after instituting such proceeding.' * * * In giving the assignee exclusive control over the right of action, however, we think that the statute presupposes that the assignee's interests will not be in conflict with those of the employee, and that through action of the assignee the employee will obtain his share of the proceeds of the right of action, if there is a recovery." [10]

However, plaintiff's theory that a longshoreman may still bring a third-party action after the expiration of the six-month period *where there is a conflict of interest* would appear to be a declaration that the six-month period was added strictly for the purpose of enabling a longshoreman to receive compensation and bring suit *where there is no conflict of interest* rather than for the purpose of resolving the problems present in a conflict-of-interest situation.

Under plaintiff's theory, when suit is filed after the six-month period a court must still make a conflict-of-interest determination as a prerequisite to obtaining jurisdiction. Also, such a determination would occur in every case due to another provision of Section 933 added by

---

8. 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). For example, see Johnson v. Sword Line, Inc., 257 F.2d 541 (3d Cir. 1958).

9. S.Rep. No. 428, 86th Cong. (1959) (U.S. Code Cong. & Adm.News, pp. 2134–2136).

10. 351 U.S. at 531, 76 S.Ct. at 950, 100 L.Ed. 1387.

the 1959 Amendment. Provision (e) (2) of that Section now provides that ⅕ of the excess of recovery over certain items will go to the employer when he brings suit; whereas, before the Amendment it provided that all of the excess belonged to the employee. With ⅕ of the excess of recovery at stake, needless to say longshoremen will desire to bring suit in their individual capacities. Therefore, if plaintiff's position were adopted, I conceive of endless conflict-of-interest allegations. Furthermore, since the employer now cannot bring suit before the expiration of the six-month period and since under the plaintiff's theory even after the six-month period he would have to do battle with lengthy, expensive and vexatious conflict-of-interest issues, as was demonstrated in the instant case, the prevailing policy expressed so well in Czaplicki, that under normal circumstances the subrogated employer is the proper party to bring suit, would be thwarted. Also, since possible liability of the employer to indemnify the third party was considered a conflict of interest under many circumstances, it would require the court to invade the province of the jury and make a fact determination on this ultimate, important issue of indemnity.

I feel that it was these problems as well as a concern for the welfare of the longshoreman that precipitated the 1959 amendment, for the legislative history of the Act reflects that "It carefully protects the interests of *all* who are involved and *balances the equities.*" (Emphasis supplied.)

I therefore interpret 33 U.S.C.A. § 933 (b) to provide that if a longshoreman does not file a third-party suit within six months of a compensation award which he has accepted, his cause of action is assigned to his employer by operation of law and he is thereafter precluded from bringing suit himself. This is not a harsh rule, for longshoremen are usually represented by lawyers before deputy commissioners and, hence, have available expert counsel for evaluating their causes of action against third parties and for determining any conflicting interests on the part of their employers or their employers' insurance carriers. This plaintiff was so represented before the Commissioner by counsel representing him here.

Defendants' Motion for Summary Judgment and/or Dismissal is therefore granted and this cause is hereby dismissed at plaintiff's costs. Clerk will notify counsel by furnishing each a copy of this Memorandum and Order.