POTOMAC ELECTRIC POWER COM-
PANY, Appellant,

v.

John F. WYNN, Jr., Appellee.

No. 18252.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 5, 1964.

Decided by Judgment Entered
Dec. 21, 1964.

Opinion Rendered Jan. 8, 1965.

Mr. Stephen A. Trimble, Washington, D. C., with whom Mr. Thomas A. Flannery, Washington, D. C., was on the brief, for appellant.

Mr. I. Irwin Bolotin, Washington, D. C., with whom Mr. Philip J. Lesser, Washington, D. C., was on the brief, for appellee.

Mr. Daniel T. Franklin, Washington, D. C., also entered an appearance for appellee.

Before BAZELON, Chief Judge, and WASHINGTON and WRIGHT, Circuit Judges.

PER CURIAM.

On March 9, 1962, appellee Wynn was awarded compensation under the Longshoremen's and Harbor Workers' Compensation Act[1] for injuries suffered by electrical shock while working as a lifeguard at a pool operated by Government Services, Inc. On January 30, 1962, Wynn had filed an action against one Ansel Kelley an independent electrical contractor, alleging that Kelley was negligent in repairing and maintaining the pool. Almost three years after his injury and sixteen months after the compensation award, on July 17, 1963, Wynn filed an amended complaint naming appellant, Potomac Electric Power Company (PEPCO) as co-defendant with Kelley. The applicable three-year statute of limitations on the claim against PEPCO would have expired within two weeks.[2] PEPCO moved to dismiss the complaint on the ground that, since more than six months had pased from the compensation award, Wynn's claim against PEPCO had been assigned to the compensating employer by the Act, 33 U.S.C. § 933(b) (Supp. V, 1959-63). PEPCO argues that the statutory assignment removes Wynn's standing to sue because he is no longer the real party in interest. The District Court denied the motion to dismiss and certified its order for interlocutory appeal.[3]

The Longshoremen's and Harbor Workers' Compensation Act must be construed liberally in favor of the injured employee.[4] Narrow statutory construction should not deprive the injured employee of either his compensation or his claim in damages against third parties.

Prior to 1959, the Longshoremen's and Harbor Workers' Compensation Act required an injured employee to elect between accepting compensation from his employer and suing a third-party tortfeasor. The Act then provided that "[a]cceptance of such compensation [from an employer] * * * shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person." 33 U.S.C. § 933(b) (1958). Following this assignment, the employer was authorized to bring suit against or compromise with the third person, and the employee took all proceeds in excess of the employer's expenses and compensatory payment to the employee. Thus the employee, after the assignment, had considerable interest in the employer's action against the third party. The statute was silent, however, regarding the remedies available to the employee if the em-

---

1. 33 U.S.C. § 901 (1958), as amended, id. §§ 906 et seq. (Supp. V, 1959-63).

2. D.C.CODE § 12-201 (1961), id. § 12-301 (Supp. III, 1964).

3. 28 U.S.C. § 1292(b) (1958).

4. Voris v. Eikel, 346 U.S. 328, 333, 74 S.Ct. 88, 98 L.Ed. 5 (1953); Vinson v. Einbinder, 113 U.S.App.D.C. 246, 307 F. 2d 387 (1962), cert. denied, Aetna Cas. & Sur. Co. v. Vinson, 372 U.S. 934, 83 S. Ct. 880, 9 L.Ed.2d 765 (1963).

ployer-assignee failed to sue, or arbitrarily compromised with, the third party.

In Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956), which arose under that statute, the employee accepted compensation from the employer and the employer's insurance carrier was then subrogated to the assigned action against the third parties. The carrier was also the insurer of one of the third parties, and thus had no incentive to pursue the employee's claim against the third parties. The Court stated that "the statute presupposes that the assignee's interest will not be in conflict with those of the employee * *." 351 U.S. at 531, 76 S.Ct. at 950. In that case, "given the conflict of interests and inaction by the assignee," the Supreme Court held that the employee "can maintain the third-party action himself." 351 U.S. at 532, 76 S.Ct. at 950. The opinion left open the question of the proper treatment of an employee's action in a situation where his interest did not clearly conflict with the interest of the assignee.

In the present case, unlike *Czaplicki*, the record does not support the sole inference that the employer (or his subrogee) refused to sue the third party because its interests were identical with that party and opposed to the employee's. Appellee suggested in oral argument that the employer failed to sue because he feared that if PEPCO were held liable to the employee, PEPCO could then successfully counterclaim against the employer as primary tortfeasor.[5] But it is equally plausible from the record before us that the employer sincerely believed that PEPCO was not liable for the employee's in-

jury. In the absence of the 1959 amendments, *Czaplicki* would indicate that we should remand for a hearing on the employer's reason for failing to sue PEPCO.[6] In our view of the 1959 amendments, however, this further hearing is unnecessary.

In 1959 the Act was amended to enlarge the rights of the employee. The employee no longer is required to elect between his statutory and common-law remedies; he may both accept compensation from his employer and bring suit against the third-party tortfeasor. It is further provided that "unless [the compensated employee] shall commence an action against such third person within six months after such [compensation] award * * * all right" of the employee in such action is assigned to the employer. 33 U.S.C. § 933(b) (Supp. V, 1959-63). Like *Czaplicki*, the 1959 amendments recognized that the employer and employee do not always have the same interest in pursuing the third party. To meet this problem, the amendments provide a financial incentive for the employer-assignee to take vigorous action against the third party by allowing the employer to retain one fifth of the proceeds recovered from the third party in excess of his expenses and the amount required for his reimbursement of compensation paid to the employee. 33 U.S.C. § 933(e) (2) (Supp. V, 1959-63).[7] This financial incentive encourages the employee to permit assignment of his action in order to enlist the superior resources of the employer in suing the third party. Thus, the Act as amended not only attempts to facilitate the employee's recovery from third parties, but also gives financial incentive to the em-

---

5. See Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956).

6. See Johnson v. Sword Line, Inc., remanded to the District Court, 240 F.2d 954 (3d Cir. 1957), rehearing, 153 F. Supp. 691 (E.D.Pa.1957), reversed, 257 F.2d 541 (3d Cir. 1958).

7. The Senate Report states: "[B]y giving the employer a reasonable (one fifth)

share in the net recovery and [sic] incentive is provided not to compromise a suit only for the amount of compensation but to protect the interests of the employee as much as possible." S.Rep.No. 428, 86th Cong., 1st Sess. 2 (1959), U.S. Code Congressional and Administrative News, p. 2135.

ployer in an attempt to insure vigorous prosecution of claims after assignment of the employee's rights.

If the employer fails to sue after the statutory assignment, and the employee is then required to produce evidence regarding the employer's motives in order to sue on his own behalf, a substantial burden would be cast on the employee seeking to recover from the third-party tortfeasor. This burden would be inconsistent with the underlying purpose of the 1959 amendments—to facilitate the employee's recovery against the third party. By itself, the employer's failure to bring suit is burden enough for the employee who is thus relegated to his ordinarily lesser resources.

■ Moreover, even if the employer-assignee had "proper motives" or did not abuse a "fiduciary duty to the employee" in failing to sue the third party, no statutory purpose would be served in precluding the employee from suing. If, for example, the employer decides in good faith that the third party was not liable for the employee's injuries, there is no reason under the statute that the employee should not be permitted to take his chances that the employer's judgment is wrong. The statute is not designed to protect third parties from suit.[8]

■ A further important purpose of the statutory assignment is to "safeguard" the employer's right of recoupment "where a claimant [compensated employee] does not pursue a good third-party action * * *."[9] This purpose does not require us to penalize the employee if the employer-assignee declines to sue the third party. In effect, the employer's declination amounts to a waiver of the protection offered by the statutory assignment. Moreover, the employer's interest in recoupment, if the employee ultimately succeeds in recovering from the third party, would presumably be protected by a lien on the proceeds.[10]

■ We think that the Act's purposes to benefit the employee, as interpreted by *Czaplicki*, and supplemented by the 1959 amendments, support the view that the employee may bring suit against a third party whenever it is evident that the employer-assignee, for whatever reason, does not intend to bring suit.

Affirmed.

WRIGHT, Circuit Judge (concurring in the result):[1]

In this interlocutory appeal, the parties seek resolution of the problem presented under the Longshoremen's and Harbor Workers' Compensation Act[2] when the injured employee's right of action against third-party tort-feasors is assigned to his employer and the employer fails to prosecute the claim. In these circumstances the employee may prosecute the claim himself. Czaplicki v. The Hoegh Silvercloud, *supra* Note 1.

8. 33 U.S.C. § 933(d) (Supp. V, 1959–63) provides: "Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding." The statute does not in terms authorize the employer to let the employee's claim expire. Our decision does not, however, rest on this statutory omission. Reliance on this omission to support our holding might be taken to imply that the employee would have no remedy if, for example, the employer-assignee arbitrarily compromised the claim. We do not intend to foreclose any possible remedy for the employee in such circumstances. See, *e. g.*, Di Somma v.

N. V. Koninklyke Nederlandsche Stoomboot, 188 F.Supp. 292 (S.D.N.Y.1960).

9. H.R.REP.No. 229, 86th Cong., 1st Sess. 2 (1959).

10. International Terminal Operating Co. v. Waterman S.S. Co., 272 F.2d 15 (2d Cir. 1959), cert. denied, 362 U.S. 919, 80 S.Ct. 671, 4 L.Ed.2d 739 (1960); Liberty Mutual Ins. Co. v. United States, 290 F.2d 257, 258 (2d Cir. 1961).

1. My difference with the court's opinion is that I find Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946 (1956), directly in point and dispositive of the issue here presented.

2. 44 STAT. 1424, as amended, 33 U.S.C. §§ 901 *et seq*.

On August 1, 1960, appellee Wynn was employed as a lifeguard at Banneker Swimming Pool in Washington, D. C., by Government Services, Inc., the operator of the pool. On that day one or more of the users of the pool were electrocuted and Wynn was severely injured by electrical shock when he attempted to come to their aid. By compensation order entered March 9, 1962, Wynn was awarded compensation under the Longshoremen's and Harbor Workers' Compensation Act.

On January 30, 1962, Wynn filed an action for damages against one Ansel P. Kelley, an independent electrical contractor, charging Kelley with negligence in the electrical repair and maintenance of the pool. On July 17, 1963, almost three years after his injury and 16 months after the compensation award, Wynn filed an amended complaint in his third-party tort action naming for the first time, as a co-defendant with Kelley, the appellant, Potomac Electric Power Company (PEPCO), alleging that PEPCO's negligence also was responsible for his injuries. PEPCO moved to dismiss Wynn's action as to it on the ground that, since the amended complaint had not been filed within six months of the compensation award, Wynn's claim had been legally assigned to his employer pursuant to 73 STAT. 391, 33 U.S.C. § 933(b). Thus, according to PEPCO, Wynn lacks standing to sue and is not the real party in interest. The District Court denied the motion to dismiss but certified its order for interlocutory appeal.[3]

Appellant stands squarely on the language of the statute, which states that the filing of a compensation order by the Deputy Commissioner "shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages" against a third-party tort-feasor unless the injured employee "shall commence an action against such third person within six months after such award." 33 U.S.C. § 933(b). Appellee, on the other hand, argues that filing of the action against PEPCO by him was required here because his employer had failed to file and the applicable three-year statute of limitations [4] on his claim was within two weeks of expiration. Appellee argues that whatever rights his employer acquired under the statutory assignment cannot be used to defeat his equity in his third-party claim for damages.

My consideration of this case begins with one certainty: the Longshoremen's and Harbor Workers' Compensation Act must be construed liberally, not in favor of the employer or third-party tort-feasors, but in favor of the injured employee.[5] It is clear beyond cavil that nice legalisms and narrow statutory construction cannot be used to deprive the injured employee of either his compensation or his claim in damages against third parties.

With this principle firmly in mind, it may be well to consider what right is automatically assigned by the statute to the employer six months after the compensation order. Analysis of 33 U.S.C. § 933, subsections (a), (b), (c), (d), (e), (f) and (g), discloses that title to the injured employee's cause of action against third-party tort-feasors is assigned to the employer six months after the compensation award, but four-fifths of the total equity in the claim, minus compensation paid and litigation expenses, remains in the employee. Thus, after assignment the employer becomes, in effect, a trustee of the employee's right to the major equity in his claim. See Czaplicki v. The Hoegh Silvercloud, *supra* Note 1, 351 U.S. at 535, 76 S.Ct. 946 (concurring opinion of Mr. Justice Frankfurter). As such, the employer

---

3. 28 U.S.C. § 1292(b).

4. 12 D.C.CODE § 201 (1961), 12 D.C. CODE § 301 (Supp. III 1964).

5. Voris v. Eikel, 346 U.S. 328, 74 S.Ct. 88 (1953); Pillsbury v. United Engineering Co., 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225 (1952); Vinson v. Einbinder, 113 U.S.App.D.C. 246, 307 F.2d 387 (1962), *sub nom.* Aetna Cas. & Sur. Co. v. Vinson, 372 U.S. 934, 83 S.Ct. 880 (1963).

may not protect his own interest at the expense of the employee's.[6]

In *Czaplicki*, in circumstances similar in many respects to those here, the Supreme Court held that "Czaplicki [the injured employee] can bring this suit * * because in the peculiar facts here there is no other procedure by which he can secure his statutory share in the proceeds, if any, of his right to action." 351 U.S. at 532–533, 76 S.Ct. at 951. The Court found it unnecessary to determine whether the assignment created a fiduciary relationship. Without going "so far as to say that by giving the employee an interest in the proceeds of a third-party action the statute places the assignee in the position of a fiduciary, cf. United States Fidelity & Guaranty Co. v. United States [2 Cir.], 152 F.2d 46, 48," the Supreme Court held "that, given the conflict of interests and inaction by the assignee, the employee should not be relegated to any rights he may have against the assignee, but can maintain the third-party action himself." 351 U.S. at 532, 76 S.Ct. at 950.

In *Czaplicki* the Court noted that the probable reason why the employer had not filed suit against some of the third parties was because the employer "might also be subject to a claim over by [the third parties] if either of them should be held liable. Cf. Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U.S. 124 [76 S.Ct. 232]. The result is that Czaplicki's rights of action were held by the party most likely to suffer were the rights of action to be successfully enforced. In these circumstances, we cannot agree that Czaplicki is precluded by the assignment of his rights of action from enforcing those rights in an action brought by himself."[7]

PEPCO, of course, appreciates the significance of *Czaplicki*. It counters, however, with the suggestion that *Czaplicki* was decided before the 1959 amendments [8] to the Longshoremen's and Harbor Workers' Compensation Act and con-

---

**6.** The assignment under 33 U.S.C. § 933 (b) is not for all purposes. 33 U.S.C. § 933(d) provides:

> "Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding."

Thus the statutory assignment is a limited one. As the District Court here held:

> "In other words, subsection (d) places a limitation on the assignment. It is not an assignment for all purposes. It confers on the employer the right to institute and maintain proceedings or to compromise the claim with such third person. It does not authorize him to do nothing about it. * * *" Wynn v. Kelley, D.D.C., 223 F.Supp. 875, 877 (1963).

**7.** 351 U.S. at 530, 76 S.Ct. at 949. Czaplicki, the employee, had brought third-party claims against four persons—Hamilton Marine Contracting Co. (manufacturer of the steps which gave way causing Czaplicki's injury), The Hoegh Silvercloud (the vessel), the owner of the vessel, and Kerr Steamship Company, Inc. (operator of the vessel). The employer and Hamilton were insured by the same insurer. But as to the other three, the only conflict mentioned by the Court was the possibility that the insurer, who held the employer's rights by subrogation, might be subject to a claim over under the doctrine of *Ryan Stevedoring*. Since the Court's holding was not limited to the suit against Hamilton, but applied to all the parties sued, *Czaplicki* is directly in point with the present case.

**8.** Before 1959, 33 U.S.C. § 933(a) and (b) read:

> "(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the Secretary may provide, to receive such compensation or to recover damages against such third person.
>
> "(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

As a result of the 1959 amendments these subsections read:

> "(a) If on account of a disability or death for which compensation is pay-

sequently has no application here. But, as PEPCO admits in its brief, "the nature of the assignment was not changed by the 1959 amendment." All the 1959 amendments did, as shown by their language and by their legislative history,[9] was to remove the election which was forced on the injured employee by the statute. Instead of being required to choose between compensation and prosecuting his third-party complaint, the 1959 amendments make it possible for the injured employee to obtain a compensation award and, within six months of that award, file a suit in damages against a third-party tort-feasor. After that time, the right to file is transferred to the employer. But, as already indicated, the major equity in the claim remains in the employee. 33 U.S.C. § 933(e). Thus the rationale of *Czaplicki* is as compelling now as it was before the 1959 amendment.

PEPCO relies on two other cases, one from New York and the other from this court. The New York case, Taylor v. New York Cent. R. Co., 294 N.Y. 397, 62 N.E.2d 777 (1945), was specifically rejected by the Supreme Court in *Czaplicki*, 351 U.S. at 532, 76 S.Ct. 946. And the case from this court, Moore v. Hechinger, 75 U.S.App.D.C. 391, 127 F.2d 746 (1942), is simply not in point. In that case there was no suggestion that the employer frustrated the injured employee's rights to protect his own. As a matter of fact, in that case the third-party action was brought by the employer's insurer in its own name as well as in the name of the employee. All the court held was that "though [the employer] may not join the employee as a

'legal plaintiff'," there is "no legal impediment to an action by the insurer or employer in his own name to his own use and to the use of the injured employee." 75 U.S.App.D.C. at 395, 394, 127 F.2d at 750, 749.

Alexander v. Creel, E.D.Mich., 54 F.Supp. 652 (1944), and McClendon v. Charente Steamship Co., S.D.Tex., 227 F.Supp. 256 (1964), do hold that after assignment of the third-party claim the employee may not bring the action in his own name. I respectfully disagree with the result reached and the opinions filed in those cases. I have seen nothing to indicate that Congress, in passing the 1959 amendments, intended to change the rule of *Czaplicki*. Nor is there any reason, in law or equity, why an injured employee's rights against a tort-feasor should be sacrificed on the altar of the employer's self-interest.

---

able under this chapter the person entitled to such compensation determines that some person other than the employer *or a person or persons in his employ* is liable in damages, *he need not elect whether to receive such compensation or to recover damages against such third person.*

"(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the

employer of all right of the person entitled to compensation to recover damages against such third person *unless such person shall commence an action against such third person within six months after such award.*" (Italics added to indicate new portions.)

9. See H.R.Rep. No. 229, 86th Cong., 1st Sess.; S.Rep. No. 428, 86th Cong., 1st Sess. There was no debate on the floor of the House or Senate relevant to the issue here presented.