Luis PEREZ, Plaintiff,

v.

ARYA NATIONAL SHIPPING LINE, LTD., Defendant.

No. 76 Civ. 3009.

United States District Court, S. D. New York.

April 17, 1979.

Zimmerman & Zimmerman, New York City, for plaintiff; Morris Cizner, New York City, of counsel.

Walker & Corsa, New York City, for defendant; Joseph T. Stearns, New York City, of counsel.

LASKER, District Judge.

Luis Perez, a longshoreman, was injured in August, 1973, while working aboard a

vessel owned by the defendant. In March, 1975, the Workmen's Compensation Board entered an order awarding Perez compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (LHWCA). Some fifteen months after the Board's action, Perez commenced this action against the shipowner, seeking damages for the personal injuries he suffered as a result of his accident.

## I.

As amended in 1959, section 33(b) of the LHWCA provides:

"Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award."

33 U.S.C. § 933(b). The shipowner moves to dismiss the complaint on the grounds that since Perez did not commence this action within six months of the Board's award, his cause of action was assigned to his employer, and he cannot maintain this suit. In response Perez cites *Czaplicki v. The Hoegh Silvercloud*, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956), which carved an exception to the mandate of section 33(b). The principal question presented here is not whether the exception remains viable, but who bears the burden of proving whether it applies or not in a given case.

Despite the assignment provided for by section 33(b), an employee retains an interest in the cause of action even after he loses the right to sue on it, since section 33(e) of the LHWCA, 33 U.S.C. § 933(e), apportions any recovery secured by the employer between it and the employee. Section 33(e) allows the employer to keep out of any recovery it makes, the expenses it incurred in pressing the suit, expenses for medical care provided the employee, amounts paid or payable to the employee as compensation, and (as a further incentive to pursue its employee's claims vigorously) twenty percent of the balance. The remaining eighty percent goes to the employee.

Until the amendment of the LHWCA in 1959, the employee lost his right to sue immediately upon accepting compensation under an award, rather than six months later. *See* Pub.L.No. 86–171, 73 Stat. 391 (1959). This was the situation when the Supreme Court rendered its decision in *Czaplicki*. Noting that "[i]n giving the assignee exclusive control over the right of action . . . the statute presupposes that the assignee's interests will not be in conflict with those of the employee, and that through action of the assignee the employee will obtain his share of the proceeds of the right of action, if there is a recovery," the Court construed section 33(b) as allowing an employee to sue in his own name "where there is such a conflict of interests [and] the inaction of the assignee operates to defeat the employee's interest in any possible recovery." *Czaplicki v. The Hoegh Silvercloud*, 351 U.S. 525, 531, 76 S.Ct. 946, 950, 100 L.Ed. 1387 (1956).

This "conflict of interest" exception to the mandate of section 33(b) was broadened considerably by lower courts in response to *Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). In *Ryan*, the Court held that a stevedore was liable to a shipowner for any portion of a recovery against the shipowner by the stevedore's employee which was attributable to the stevedore's breach of its warranty of workmanlike performance. *Id.* at 132–34, 76 S.Ct. 232. As a consequence of this holding, stevedores were understandably reluctant to sue shipowners on behalf of their employees. The most that the stevedore could hope to recover would be its costs associated with the employee's injury, plus twenty percent of any remaining recovery. In instituting suit, however, the employer opened itself up to the possibility that it would have to indemnify its opponent for part or all of that recovery. The greater the stevedore's recovery, the greater its potential liability

to the very party from whom it recovered. Recognizing that "[t]his conflict may well prevent the prosecution of the assignee's action with the vigor and zeal which would result in the maximum recovery for the employee," *DiSomma v. N. V. Koninklyke Nederlandsche Stoomboot*, 188 F.Supp. 292, 296 (S.D.N.Y.1960), many courts readily ruled that section 33(b) did not preclude an employee from suing on his own behalf. *E. g., Potomac Electric Power Co. v. Wynn*, 120 U.S.App.D.C. 13, 343 F.2d 295, 297 (1965); *Johnson v. Sword Line, Inc.*, 257 F.2d 541, 544–46 (3d Cir. 1958); *Allen v. United States*, 235 F.Supp. 950, 954 (N.D. Cal.1963), *aff'd* 338 F.2d 160 (9th Cir. 1964), *cert. denied*, 380 U.S. 961, 85 S.Ct. 1104, 14 L.Ed.2d 152 (1965); *DiSomma, supra*, 188 F.Supp. at 297.

■ The defendant shipowner does not argue that the conflict of interest exception is no longer viable. The question presented, rather, is who bears the burden of proving that a conflict does or does not exist. Perez relies on *Potomac Electric Power Co. v. Wynn*, 120 U.S.App.D.C. 13, 343 F.2d 295 (1965). There the court held that "the employee may bring suit against a third party whenever it is evident that the employer-assignee, for whatever reason, does not intend to bring suit." *Id.* at 16, 343 F.2d at 298. An alternative approach is that announced in *Bandy v. Bank Line Ltd.*, 442 F.Supp. 882 (E.D.Va.1977), and followed in *Rodriguez v. Compass Shipping Co.*, 456 F.Supp. 1014 (S.D.N.Y.1978). These cases, on which the defendant relies, hold that the employee bears the burden of proving that a conflict exists. 442 F.Supp. at 886–87; 456 F.Supp. at 1023. For several reasons, we find the latter alternative to be the sounder position.

First, the employee seeks the advantage of an exception to a statute which on its face clearly deprives him of the right to sue. In such circumstances, it is appropriate to require the employee to demonstrate that the exception would be appropriate. Second, Perez could have filed suit within six months of the compensation award. He failed to do so, and now seeks, in effect, to extend his time in which to sue. When the conflict of interest exception originated in 1956, an employee who accepted compensation under an award immediately lost his opportunity to sue. The 1959 amendments to the LHWCA diminished the need for an exception to section 33(b): the employee can now avoid the adverse effects of any possible conflict of interest simply by filing suit within six months of the award. An employee who fails to do so should shoulder the burden of proving that he continues nonetheless to have a right to sue. Third, the 1972 amendments to the Act legislatively overruled the *Ryan* doctrine. *See* Pub. L.No. 92–576, § 18(a), 86 Stat. 1251 (1972) (codified as 33 U.S.C. § 905(b)). The solicitude towards employees reflected in the liberal application of the conflict of interest exception in cases such as *Potomac Electric Power Co. v. Wynn* can be attributed largely to the unavoidable conflict of interest created by that doctrine. In view of the 1972 amendments, such solicitude is no longer warranted. Finally, the 1972 amendments substantially increased the compensation payable to an injured longshoreman. *Id.* § 5(a) (codified at 33 U.S.C. § 906). The compensation now available to a longshoreman is more nearly commensurate with his actual damages, and consequently it is appropriate to require the longshoreman to demonstrate his right to sue after he has already received compensation.

In sum, the employee bears the burden of showing that his employer's interests conflict with his own, and that out of self interest his employer will not properly press the claim. The hearsay affidavit submitted by Perez in an attempt to meet this burden cannot be accepted. *See* Fed.R.Civ.P. 56(e). However, Perez is granted forty-five days from the filing of this memorandum within which to submit competent evidence establishing that a conflict of interest exists.

## II.

Perez also claims that "[t]o grant shipowner's motion to dismiss would be against public policy, in violation of the intent of Congress and the purposes of Section 933 of

the Longshoremen's and Harbor Workers' Act as amended."

The LHWCA is intended to provide covered employees the benefits of workmen's compensation, without depriving them of the right to be compensated for their injuries by negligent third parties, or eliminating the incentive for third parties to provide longshoremen a safe place to work. To prevent indirect recovery from the employer, the 1972 amendments to the LHWCA prohibit the employer from indemnifying third parties for damages recovered from them by employees. This ensures that the employer's only liability will be for workmen's compensation, and that it will not otherwise be liable in damages for injuries to its employees.

Perez argues that assignment of the employee's claims against third parties to the employer contravenes the purposes of the LHWCA because it deprives the employee of his right to compensation from negligent third parties, and eliminates an incentive for third parties to avoid negligent conduct. Moreover, Perez contends that the employer, by foregoing a possible recovery against a third party, indirectly "indemnifies" the third party, and, citing *Bloomer v. Liberty Mutual Insurance Co.*, 586 F.2d 908 (2d Cir. 1978) and *Cella Partenreederei M. S. Ravenna*, 529 F.2d 15 (1st Cir. 1975), neglects its "obligation" under the LHWCA to husband its resources for payment of increased compensation benefits.

Whatever first-blush appeal these arguments may have, on reflection they are unpersuasive. First, whatever the consequences of a failure to sue, an employee who fails to sue within six months of accepting compensation under an award of the Workmen's Compensation Board is as responsible for that failure as an employer who neglects, for whatever reason, to pursue an assigned claim. Second, an employer's failure to recover from a third party for the third party's negligence is not the same thing as an employer's indemnifying a third party on the basis of the employer's own negligence or breach of warranty. The 1972 amendments were intended to ensure that employers would not be liable, not that third parties would be. Finally, there is no reason to assume that an employer's failure to sue necessarily reflects a breach of an obligation, if any exists, to husband its resources. On the contrary, such a failure may mean merely that the chances of winning the case are too remote to warrant suit.

The defendant's motion to dismiss the action is denied, without prejudice to renewal after forty-five days.

It is so ordered.