**Thomas G. SMITH, Plaintiff,**

v.

**OGDEN ALLIED SERVICES, INC., et al., Defendants.**

**Civ. A. No. 92–0817.**

United States District Court, District of Columbia.

Jan. 5, 1994.

David O. Godwin, Jr., Montedonico, Hamilton, Altman & Nash, Frederick, MD, for plaintiff.

Carole C. Schriefer, Carr, Goodson & Lee, Washington, DC, for defendants.

### MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Plaintiff, Thomas G. Smith ("Smith"), initiated this diversity action alleging that defendants' negligence was the proximate cause of his slip-and-fall injuries. Plaintiff seeks compensatory damages for his medical expenses and recovery for loss of wages, wage-earning capacity, pain, and physical anguish. Defendant Ogden Allied Services, Inc. ("Ogden"), filed a motion for summary judgment in which it asserted that the applicable statute of limitations bars this action. Defendants Gerald D. Hines ("Hines") and Hines Consolidated Investments, Inc. ("HCI"), jointly filed a motion to dismiss, which adopts and incorporates by reference Ogden's motion for summary judgment. For the reasons explained below, both motions are granted.

## I. *Background*

Plaintiff alleges that on August 11, 1989, he "slipped and fell on a wet marble floor in the common receptionist area" of the law firm of Hogan & Hartson. Complaint ¶ 6. Smith, then an employee of Hogan & Hartson who worked as a computer technical support specialist, claims that the floor had been mopped just prior to his accident and that defendants[1] negligently failed "to warn tenants and/or invitees of the dangerous and slippery condition of the floor with the appropriate signs and/or barriers." *Id.* ¶¶ 6, 7.

Smith subsequently made a claim with his employer for workers' compensation benefits. Hogan & Hartson made voluntary payments of compensation from the date of the injury until January 29, 1990. Plaintiff then filed a claim for workers' compensation pursuant to the District of Columbia Workers' Compensation Act of 1979. On April 3, 1991, the Hearings and Appeals Examiner issued a Compensation Order requiring Hogan & Hartson to pay compensation from January 30, 1990, through September 29, 1990, the date Smith began a new job.

On January 21, 1992, Liberty Mutual Insurance Co., as subrogee for Hogan & Hartson, filed suit against Ogden in the Superior Court of the District of Columbia for reimbursement of the benefits paid to Smith. The parties ultimately settled the Superior Court lawsuit. On April 3, 1992, plaintiff filed the instant complaint.

## II. *Discussion*

In viewing a motion to dismiss, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). At this stage, the Court must accept as true the factual allegations of the complaint, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984), and draw from them all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Summary judgment, in contrast, is appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. at 2513. At the same time, however, Rule 56 places a burden on the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

■ To resolve this diversity case, the Court must apply the substantive law of the District of Columbia. *See Edwards v. Consolidated Rail Corp.*, 567 F.Supp. 1087 (D.D.C.), *aff'd*, 733 F.2d 966 (D.C.Cir.), *cert. denied*, 469 U.S. 883, 105 S.Ct. 252, 83 L.Ed.2d 189 (1983). Under the District of Columbia Workers' Compensation Act (the "Act"), D.C.Code §§ 36–301 *et seq.* (1988), an employee injured at work is not required to choose immediately between filing a workers' compensation claim and suing an allegedly liable third party. *See Cunningham v. George Hyman Constr. Co.*, 603 A.2d 446 (D.C.1992). Once the employee accepts a workers' compensation award, however:

Acceptance of such compensation . . . shall operate as an assignment to the employer of all rights of the person entitled to compensation to recover damages against such third person *unless such person shall com-*

---

1. Defendant Ogden is the company responsible for providing cleaning services to the building in question. Hines and HCI are two of the general partners of the partnership that apparently owns the building.

*mence an action against such third person within 6 months after such award.*

D.C.Code § 36–335(b) (1981) (emphasis added). Thus, six months after the injured employee accepts a workers' compensation award, that employee's right to sue an allegedly liable third party are exclusively held by the employer. The employee does not assign his entitlement to recovery, however, because if the employer successfully sues the third party, eighty percent of any recovery above the employer's costs must be paid to the employee. D.C.Code § 36–335(e).

Defendants rely on the District of Columbia Court of Appeals' interpretation of this provision in *Cunningham v. George Hyman Construction Co.*, 603 A.2d 446 (D.C.1992), to assert that Smith's claim is time-barred. The facts of *Cunningham* are relatively simple. Theodore Cunningham was injured in October 1984. He filed a workers' compensation claim, and in April 1986, he received a final order awarding damages for his temporary total disability. Cunningham subsequently received an award for permanent partial disability in October 1988. In the interim, Cunningham initiated his lawsuit against the general contractor in September 1987—more than six months after the award for temporary disability but prior to the award for permanent disability.

The court framed the issue on appeal as "precisely when that six-month period begins to run." 603 A.2d at 447. The plaintiff argued that it could not begin to run until after he received full compensation for all compensable injuries. Defendant, on the other hand, argued that it began to run as soon as plaintiff accepted any award. *Id.* After considerable analysis, the District of Columbia Court of Appeals—relying on the plain language of the statute—held that the six month time period begins to run upon acceptance of any award by the plaintiff. *Id.* at 448.

Smith, who admittedly filed this lawsuit more than six months after he accepted a workers' compensation award, attempts to distance himself from the seemingly obvious conclusion that *Cunningham* bars his claim.

He makes four arguments to support his position that "the three year 'regular' statute of limitations applies to any action by a workers' compensation claimant, and the six month additional period works in favor of claimant only when the 'regular' limitations period has expired." *Id.* at 9–10. None of these arguments has merit.

First, he asserts that *"Potomac Electric Power Co. v. Wynn,* 343 F.2d 295 (D.C.Cir. 1965) applied to the language to the Federal statute as adopted into D.C.Ann.Code § 36–335 at the time of the adoption, and therefore the D.C. Counsel intended *Wynn* to apply to cases thereunder." Mem. of Points and Auth. in Opposition to Defendant's Motion [for Summary Judgment] ("Defendants' Opp.") at 2. He argues that because *Wynn* holds that workers' compensation statutes are intended to protect employees, not third parties, this common law was adopted into the Act. *Wynn*, however, was in effect when *Cunningham* was decided, and that court held that the six-month period can operate as more than a shield for the plaintiff.

Next, plaintiff argues that *"Czaplicki v. The S.S. Hoegh Silvercloud,* 351 U.S. 525 [76 S.Ct. 946, 100 L.Ed. 1387] ... (1956) as upheld in *Rodriquez*[2] applies to the case at hand as a conflict of interests exists so as to work inequity toward plaintiff." *Id.* at 4. In *Czaplicki,* there was a conflict of interest because the insurance carrier for the employer was also the insurance carrier for the primary defendant. 351 U.S. at 529–30, 76 S.Ct. at 949. Thus, if the employee's rights were assigned to the employer after the employee filed a compensation claim, the employer's insurance carrier would, in effect, receive the right to sue itself. *Id.* There would, therefore, be no guarantee that the employer would seek a maximum recovery, much of which would benefit the plaintiff. Under these circumstances, the Supreme Court held that there was no assignment of the employee's rights to the employer. *Id.* at 531, 76 S.Ct. at 950. In the instant case, there is no comparable conflict; *Czaplicki,* therefore, does not apply.

Third, Smith claims that the "facts of *Rodriquez* are inapplicable to the case at hand,

---

**2.** *Rodriquez v. Compass Shipping Co.*, 451 U.S.    596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981).

and therefore as applied in *Cunningham*, *Rodriquez* has no effect on the instant cause of action." *Id.* at 5. This argument ignores the fact the *Cunningham* was decided on the basis of statutory construction, not because of any controlling precedent. *Cunningham*, 603 A.2d at 450. In *Cunningham*, the court relied on several cases to support its plain meaning construction of the statute. None of these cases, however, compelled the result.

■ Finally, plaintiff argues that "Equity and the Constitutional mandate of equal protection of law militates against denial of a cause of action in plaintiff against defendants where an injured worker is denied the rights of any other injured citizen." Defendants' Opp. at 10. Plaintiff claims that applying only a six-month period of limitations "singles out workers' compensation claimant's [sic] who receive awards, thereby designating them as a group which will not enjoy the protection of [the three year statute of limitations] which applies to all other negligence plaintiffs throughout the District of Columbia." Defendants' Opp. at 10–11.

Equal protection requires that official action be rationally related to a legitimate purpose. *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440–41, 105 S.Ct. 3249, 3254–55, 87 L.Ed.2d 313 (1985); *Tele-Communications of Key West, Inc. v. United States*, 757 F.2d 1330 (D.C.Cir.1985). Strict scrutiny is applied only if the official action burdens a fundamental right or discriminates against a constitutionally protected class. *City of Cleburne*, 473 U.S. at 441, 105 S.Ct. at 3255.

Plaintiff has not alleged the infringement of a fundamental right and it is clear that plaintiffs who file workers' compensation claims are not a constitutionally protected class. Consequently, the Court must only apply a rational relation test to the statute in question. This interpretation of the statute is rationally related to the prompt and orderly resolution of workers' compensation claims. Employees injured on the job who choose the certainty and speed of a workers' compensation award surrender some of their rights to pursue a legal action. The Court does not find this result irrational.

At their core, all of plaintiff's arguments challenge the soundness of *Cunningham*. Nonetheless, the District of Columbia Court of Appeals unequivocally stated that "A straightforward reading of this statutory language supports the conclusion that the six-month period is brought into play by acceptance of compensation under any award," and held that "the straightforward reading of our statute must control." *Cunningham*, 603 A.2d at 448, 450. Because plaintiff accepted a workers' compensation award more than six months prior to his initiation of this lawsuit, it is barred by the applicable statute of limitations.

### III. *Conclusion*

For the reasons expressed above, it is hereby

ORDERED that motion of defendant Ogden Allied for summary judgment is granted; it is

FURTHER ORDERED that the motion of defendants Gerald D. Hines and Hines Consolidated Investments, Inc., to dismiss is granted.

IT IS SO ORDERED.

### *JUDGMENT*

In accordance with the Memorandum Opinion and Order issued this date, judgment is hereby entered against plaintiff Thomas G. Smith and in favor of defendant Ogden Allied Services, Inc., on its motion for summary judgment.

IT IS SO ORDERED.