Mihret **BIRATU**, Appellant,

v.

**BT VERMONT AVENUE,
LLC, Appellee.**

No. 07–CV–1300.

District of Columbia Court of Appeals.

Submitted Nov. 18, 2008.

Decided Dec. 18, 2008.

Eric S. Wiener was on the brief for appellant.

Jacquelyn M. Kramer, Hunt Valley, MD, was on the brief for appellee.

Before FERREN, BELSON, and SCHWELB, Senior Judges.

FERREN, Senior Judge:

Mihret Biratu appeals the trial judge's order granting the motion for summary judgment of her employer's landlord, BT Vermont Avenue (BT), on the ground that the six-month statute of limitations on Biratu's claim under the District of Columbia Workers' Compensation Act had run. *See* D.C.Code § 32–1535(b) (2001). Biratu contends that the lump-sum settlement of her claim was not an "award" of benefits that triggered the six-month statute. *Id.* She further maintains that, even if the six-month statute applies to her settlement, it began to run after she had received the full amount of her settlement, not earlier when the Office of Workers' Compensation approved it. Finally, Biratu argues that the six-month statute is intended to protect the subrogation rights of her employ-

er, Continental Beverage (Continental), against a third-party tortfeasor (here, allegedly, Continental's landlord, BT), *see id.;* that Continental has no meaningful subrogation rights here because the lease obligates Continental to indemnify or otherwise hold BT harmless against Biratu's claim; and thus that—as a matter of public policy (in the absence of any prejudice to BT)—the six-month limitation period should not preclude Biratu from pursuing her claim against BT. We affirm.

## I.

Biratu worked as a cashier at Continental, a company that leased its premises from the appellee, BT. On August 27, 2004, Biratu was assisting a customer at Continental when she was shocked by a live electrical wire dangling from the ceiling. She was hospitalized from August 27, 2004 to March 7, 2005.

Biratu filed a workers' compensation claim against Continental and received approval of a lump-sum settlement from the Office of Workers' Compensation on April 25, 2006. Over seven months later, on December 13, 2006, she filed a complaint against the landlord, BT, alleging that BT had been negligent in failing to repair a hazardous electrical wire and to warn her of the hazard. BT filed a summary judgment motion, arguing that Biratu had failed to comply with the six-month statute for filing a third-party claim. D.C.Code § 32–1535(b). The trial court granted BT's motion, and Biratu has appealed.

## II.

██ "When reviewing a trial court order granting summary judgment, this court makes an independent review of the record." *Holland v. Hannan,* 456 A.2d 807, 814 (D.C.1983). To prevail, the moving party must demonstrate that there is

no genuine issue of material fact and that the party is therefore entitled to judgment as a matter of law. Super. Ct. Civ. R. 56(c); *Grant v. May Dep't Stores Co.*, 786 A.2d 580, 583 (D.C.2001) (internal citations omitted). In considering the motion, we must view all the evidence in the light most favorable to the opposing party and may grant the motion only if no reasonable juror could find for that party as a matter of law. *Grant*, 786 A.2d at 583 (citing *Nader v. de Toledano*, 408 A.2d 31, 42 (D.C.1979)); *Velasquez v. Essex Condo. Ass'n*, 759 A.2d 676, 679 (D.C.2000).

■ Under the Workers' Compensation Act, D.C.Code §§ 32–1501 to –1545, an employee injured at work is not required to choose immediately between filing a workers' compensation claim against the employer and filing a claim against a third party. An injured employee seeking recovery against a third party, however, must commence the action within six months after "an award in a compensation order." D.C.Code § 32–1535(b). Biratu contends that her lump-sum settlement pursuant to D.C.Code § 32–1508 does not constitute "an award in a compensation order" because her employer did not acknowledge that her claim was legitimate and the Office of Workers' Compensation did not make a liability determination.

We cannot agree with Biratu's argument; a lump-sum settlement, as in this case, constitutes an "award in a compensation order" subject to the six-month statute of limitations in D.C.Code § 32–1535(b). As the trial judge explained, "the settlement agreement expressly listed [Biratu's] medical bills from the accident [and] note[d] a total amount for lost wages." The parties then "incorporated those sums in the negotiation for settlement." Thereafter, the Office of Workers' Compensation approved the settlement in a Compensation Order Approval of Lump–Sum Settlement Pursuant to Section 32–1501, issued on April 25, 2006.[1] As stated in the Workers' Compensation Act, "the Mayor may approve *lump-sum settlements* agreed to in writing by the interested parties, discharging the liability of the employer for compensation," and "*[t]hese settlements shall be the complete and final dispositions of a case and shall be a final binding compensation order.*" D.C.Code § 32–1508(8) (emphasis added).[2] The settlement, therefore, as approved, is an "award in a compensation order," D.C.Code § 32–1535(b), subject to the statutory six-month limitation on filing suit. Biratu's claim against BT—filed over seven months after the Office of Workers' Compensation approved the lump-sum settlement—is accordingly barred.

1. The Office of Workers' Compensation acts for the Mayor in approving settlements of the type involved here. 29 D.C.Reg. 2843 (1982) (delegating Mayor's authority under Workers' Compensation Act to Director of Department of Employment Services); 7 DCMR § 226.1 (1986) ("The Office [of Workers' Compensation] may approve lump sum settlements agreed to by the interested parties if it is in the best interest of the injured employee entitled to the benefit.").

2. Interpreting the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (2006)—the federal statute appli-

cable to the District of Columbia before adoption of the Workers' Compensation Act—the U.S. Court of Appeals for the Second Circuit has held that a settlement agreement constitutes an award in a compensation order. *See Rodriguez v. Compass Shipping Co., Ltd.*, 617 F.2d 955, 959 (2d Cir.1980) (holding that "under the regulations in effect at the relevant time, an agreement settling an injured employee's claim to workmen's compensation, signed after an informal conference with a claims examiner, by whom it was approved, constitutes an 'award' "), *aff'd*, 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981).

Biratu argues, nonetheless, that even if the statute of limitations applies, it did not begin to run until she had received the full amount of the lump-sum settlement. Her argument, however, finds no support in either the plain language of the statute or our case law. *See* D.C.Code § 32–1535(b) ("*Acceptance* of such compensation under an award in a compensation order" triggers the six-month statute of limitations) (emphasis added); *Cunningham v. George Hyman Constr. Co., et al.*, 603 A.2d 446, 448 (D.C.1992) ("A straightforward reading of [the] statutory language [in D.C.Code § 32–1535(b) ] supports the conclusion that the six-month period is brought into play by *acceptance* of compensation under any award.") (emphasis added); *Triplett v. George Hyman Constr. Co.*, 565 A.2d 83, 86 (D.C.1989) (appellant's argument that "the six-month statute of limitations would not begin to run until the last dollar of his retroactive award was sent to him" was a "bizarre scheme"); *see also Smith v. Ogden Allied Servs., Inc.*, 842 F.Supp. 571, 574 (D.D.C. 1994) ("Because plaintiff *accepted* a workers' compensation award more than six months prior to his initiation of this lawsuit, it is barred by the applicable statute of limitations.") (emphasis added).[3]

Finally, in light of the clear language of the statute and the supporting case law confirming that Biratu's claim is barred by the statute of limitations, D.C.Code § 32–1535(b), we find no room to consider her public policy argument based on her employer's alleged waiver of subrogation rights against BT.

*Affirmed.*